## THE CITY OF DURHAM v. MRS. LELIA G. DAVIS.

(Filed 5 April, 1916.)

1. **Costs—Attorney and Client—Attorney's Fees—Condemnation—Statutes—Appeal and Error.**

The losing party in an action may not be taxed with attorney's fees of the successful party (Revisal, sec. 2587) unless authorized by section 2592 of the Revisal, which applies when attorneys are appointed by the court to appear for and protect the right of any party in interest who is unknown or whose residence is not known and who has not appeared by attorney or agent. Hence, in condemnation proceedings of land, brought by a city, it is reversible error for the court to allow, as a part of the costs, attorney's fees to the owner of the land, the successful party, who has appeared by an attorney retained by him.

20—171

**2. Judgments—Verdict—Interest—Appeal and Error.**

The judgment in an action must correspond with the verdict, and where in condemnation proceedings tried in the Superior Court on appeal the jury have in their verdict ascertained the damages to the owner of the land, the verdict will be presumed to include the element of interest, nothing else appearing, and it is reversible error for the trial judge to allow interest from the time the damages were determined upon by the appraisers and render judgment accordingly. Revisal, sec. 1954, providing for the payment of interest on moneys due by contract, etc., has no application.

**3. Costs—Condemnation—Superior Court—Trials—Appeal and Error—Statutes.**

On appeal by both parties in proceedings to condemn land, to the Superior Court in term, the trial is *de novo;* and where the defendant has substantially recovered damages for the taking of his land, the costs are taxable against the plaintiff, though the recovery is in a smaller sum than the amount theretofore awarded by the appraisers or viewers. Private Laws 1899, sec. 61, and Revisal, sec. 1905, applying to plaintiff's appeal from a justice of the peace, have no application. *Semble,* if the exercise of the judge's discretion was necessary, Revisal, sec. 1279, the result is the same in this case.

SPECIAL PROCEEDING tried before *Allen, J.,* and a jury, at September Term, 1915, of DURHAM.

This was a proceeding commenced before the clerk of the Superior Court of Durham County on 18 February, 1913, by the plaintiff against the defendants for the condemnation of certain property described in the petition for the purpose of widening the streets at the place known as Five Points and fully described in the petition.

After the pleadings were filed, commissioners were appointed by the court to appraise the value of the lands described in the petition. The appraisers in due time made their report to the court, assessing the damages at $2,750. To this report both the plaintiff and the defendants excepted, the former upon the ground that the assessment was excessive, and the latter upon the ground that it was inadequate. The exceptions were heard by the clerk of the Superior Court, who made an order confirming and approving the report of the commissioners. From the order so entered by the clerk both the plaintiff and the defendants appealed to the Superior Court. Both demanded a jury trial.

The court submitted the following issue: "What damages is defendant, Mrs. L. G. Davis, entitled to recover of the plaintiff, the city of Durham, for the condemnation of her property by the said city, situated at Five Points on West Main Street?"

Evidence was offered by the parties, and the jury, under the same and the charge of the court, returned a verdict in favor of the defendant, Mrs. Lelia G. Davis, as follows: "What damages is the defendant, Mrs. Lelia G. Davis, entitled to recover of the plaintiff, the

city of Durham, for the condemnation of her property by the said city of Durham situated at Five Points on West Main Street? Answer: 'Two thousand dollars ($2,000).' " The court, thereupon, and at the request of Mrs. Davis, entered a judgment in her favor for $2,000 with interest on the same from 19 April, 1913, that being the date on which the appraisers filed their report in the clerk's office, and also included in the judgment an allowance of $250 as counsel fees, and the costs of the proceeding, the counsel fees being designated as a part of the costs and to be taxed as such. It was further adjudged that upon the payment of said amounts the property described in the pleadings be condemned to the use of the city of Durham and the public for street purposes.

The defendant, Mrs. Lelia G. Davis, did not appeal, but the plaintiff, city of Durham, excepted to the judgment upon these grounds: (1) That the court allowed interest on the $2,000 assessed as damages by the jury. (2) That the court allowed counsel fees. (3) That the court taxed plaintiff with the costs. And upon these exceptions, an appeal was taken from the judgment to this Court.

*J. L. Morehead and V. S. Bryant for plaintiff.*
*Manning, Everett & Kitchin for defendant.*

WALKER, J., after stating the case: There are three questions presented in this appeal, as above stated.

First. The general rule in this Court has been that counsel fees are not allowed in civil actions or like proceedings to either party. There are exceptions, but this case does not fall within any of them. *Patterson v. Miller,* 72 N. C., 516; *Mordecai v. Devereux,* 74 N. C., 673; *Gay v. Davis,* 107 N. C., 269. Counsel for defendant referred us to Revisal, secs. 2587 and 2592. We are clearly of the opinion that the counsel fees "allowed by the court" and to be included, with the costs, in the judgment are those mentioned in Revisal, sec. 2592, of the chapter on "Eminent Domain," and they are such fees as are allowed to counsel who, by the appointment of the court, "appear for and protect the rights of any party in interest who is unknown or whose residence is not known and who has not appeared by an attorney or agent." The court by that section is authorized to make an allowance for counsel fees in such cases. The question was decided in *R. R. v. Godwin,* 110 N. C., 175, where the present *Chief Justice* said: "The reference in section 1946 of The Code (now 2587 of Revisal) to the 'costs and counsel fees allowed by the court' is to such counsel fees as the court was authorized by law to tax, to wit, in the case mentioned in section 1948 (section 2592 of Revisal 1905). In the present instance the counsel whose fees are sought to be taxed against the railroad company was not appointed by

the court to represent the owner of an interest in real estate, who, or whose residence, was unknown. The motion to tax an allowance in his behalf against the opposite party was, therefore, properly denied." Counsel fees were, therefore, improperly allowed by the court, as Mrs. Davis defended by her own counsel.

Second. There also was error in allowing interest on the recovery. We have decided at this term, *Winn v. Finch, ante,* 272, that the judgment must correspond with the verdict, and that the court below has no power to amend the verdict by adding to it or taking anything from it or by reducing or increasing the amount of it. Its power is exhausted when it gives judgment upon it as it was rendered by the jury. We find the same doctrine laid down with reference to a verdict in a proceeding for the condemnation of land for the uses of a railroad company. *Butte Elec. Ry. Co. v. Matthews,* 34 Mont., 487, 493. It was there said: "The contention is made that the court had no power to direct judgment for any other sum than that mentioned in the verdict, and we think this must be sustained." · . . . "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict or findings," citing 11 Enc. of Pl. and Pr., 905; *Frohner v. Rodgers,* 2 Mont., 179; *Kimpton v. Junilee Placer Min. Co.,* 41 Pac. Rep., 137. But this question was decided in *R. R. v. Mfg. Co.,* 166 N. C., 168, where it is said, at p. 182: "The only other exception on this appeal is that the court did not allow interest on the amount of damages from the date of the condemnation of the right of way, but only from the date of the verdict and judgment. In this there was no error. Revisal, 1954, provides that all sums of money due by contract, except on penal bonds, shall bear interest. But judgments in other cases than on contract bear interest only from the date of the judgment. At common law a judgment did not carry interest when an execution was issued upon it. The statute was passed for the purpose of amending the law in this respect. *Collais v. McLeod,* 30 N. C., 221, cited in *McNeill v. R. R.,* 138 N. C., 4. The cause of action here does not arise on contract, but is for damages on account of defendant's land taken under the right of eminent domain. These damages fall directly under Revisal, 1954, and the law gives interest only from the rendition of the judgment." The same rule was approved in *Abernathy v. R. R.,* 159 N. C., 340, as to the allowance of interest, as matter of right, and as to the judgment bearing interest, even if rendered in an action to recover damages for a tort; but we there held that the court, when reviewing a referee's report, did not err in considering interest in the assessment of the damages or in fixing the compensation of the landowner. It is presumed that the jury considered the matter of interest in assessing the damages. There was no prayer for instructions, nor any exception to the charge in regard to it, and no appeal by the defendant.

Third. When the plaintiff excepted to the report of the commissioners or viewers and appealed to the Superior Court, the issue as to damages was tried *de novo* in that court and the defendant recovered a large sum, though she did not get all which had been allowed in the report. Counsel have cited us to the provision in the plaintiff's charter (Pr. Laws 1899, sec. 61) which reads as follows: "If any person over whose land the said street may pass, or improvement be erected, or the aldermen, be dissatisfied with the valuation thus made, then, in that case, either party may have an appeal to the next Superior Court of Durham County to be held thereafter, under the same rules, regulations, and restrictions as now govern appeals from judgments of justices of the peace." And also to Revisal, sec. 1905, which provides that, "If on appeal from a justice of the peace, judgment be entered for the plaintiff, and he shall not recover on his appeal a greater sum than was recovered before the justice, besides interest accrued since the rendition of the judgment, he shall not recover the costs of the appeal, but shall be liable, at the discretion of the court, to pay the same." But it will be seen that this section refers to an appeal taken by the plaintiff or party who seeks to recover the damages—here the defendant, and she has not appealed. It may be hard measure for plaintiff, on whose appeal the damages were largely reduced, to be taxed with all the costs, but the law is so written, as upon the trial *de novo* the defendant has recovered her damages. If the case falls within Revisal, sec. 1279, the judge has exercised his discretion against the plaintiff, and the result is the same. The costs were, therefore, properly taxed.

The judgment will be amended by striking out the interest and the allowance for attorneys, and will stand only for the amount assessed by the jury, $2,000, with interest from the rendition of the judgment, and the costs.

The balance of the sum deposited in the court, after satisfying the judgment, will be paid to the plaintiff.

The costs of this Court will be equally divided between the parties and so taxed by the clerk.

Modified and affirmed.