WESTERN CAROLINA POWER COMPANY v. JANE MOSES, GRAYSON MOSES AND WIFE, MARY MOSES, MARVIN SMITH AND WIFE, FLORENCE SMITH, MARY MOSES, WIDOW, BERTHA MOSES, BEN LEE MOSES, R. E. MOSES, JANIE MOSES, ALTA MOSES, AND LYDA MOSES.

(Filed 12 May, 1926.)

**1. Easements—Condemnation—Rights of Way—Statutes—Prerequisite—Procedure.**

It is not required of a *quasi* public-service corporation authorized to condemn land under the provisions of C. S., 1706, that it first endeavored to agree with the owners, when it is made to appear that infants have an interest therein, and otherwise that a title to the lands could not be acquired in this way.

**2. Appeal and Error—Questions of Law.**

An appeal will lie from the conclusions of law by the trial judge from the facts found by him, though the facts found upon sufficient legal evidence may be conclusive.

APPEAL by plaintiff from *Wright, Emergency Judge,* at January Special Term, 1926, of BURKE.

*Ervin & Ervin, Spainhour & Mull, W. S. O'B. Robinson, Jr., for plaintiff.*

*L. E. Rudisill, Avery & Patton for respondents.*

ADAMS, J.  The petitioner is a corporation authorized and empowered to conduct the business of an electric power company and invested with the right of eminent domain.  3 C. S., 1706.  On 10 March, 1925, it instituted a proceeding against the respondents before the clerk of the Superior Court of Burke County for the purpose of acquiring an easement in a tract of land described in its petition.  The respondents filed answers, the clerk appointed commissioners to assess damages, and the commissioners in due time made their report.  All the parties filed exceptions, but the clerk confirmed the majority report, and the petitioner and respondents again excepted.  Thereupon the cause was transferred to the civil docket and was afterwards heard in term.  The respondents moved to dismiss the proceeding and the motion was allowed on the following ground: "This action or proceeding was not brought in conformity with the statutes and laws relating to the condemnation of land, in that the petitioner made no effort, prior to the institution thereof, to acquire title to the land sought to be condemned without resorting to the expense of condemnation proceedings, thereby arbitrarily, irregularly and prematurely forcing respondents into court in violation of their rights as guaranteed by the Constitution and the laws of the State of which they are citizens."

When the proceeding was instituted Grayson Moses and Florence Smith were over twenty-one years of age and owned each a one-eighth undivided interest in the land as the heirs at law of Waits Moses, deceased; Bertha Moses, Ben Lee Moses, R. E. Moses, Janie Moses and Alta Moses were under the age of twenty-one years and owned each a one-eighth undivided interest in the land as the heirs of Waits Moses; Lyda Moses was the infant daughter of John Moses, a deceased son of Waits Moses, owning as an heir a one-eighth undivided interest in the land, and Mary Moses was his widow.  Jane Moses was the widow of Waits Moses and entitled to dower in the lands of her deceased husband.

The petitioner alleged that the land in question was necessary and indispensable for the proper construction of its hydro-electric development, and that it was unable to acquire title thereto; also that Jane Moses had refused to sell or convey a part of the land, and that they had not been able to agree on a price for the whole tract; that six of the tenants in common were infants without power to make a valid conveyance of their title, and that resort to the right of eminent domain was the only means of acquiring the desired easement.  The trial court found as a fact that no effort had been made in good faith to purchase any interest or easement in the property from either of the infants or from Grayson Moses, Florence Smith or Jane Moses.

There is error in the judgment dismissing the proceeding. If a corporation possessing the right of eminent domain is unable to agree with the owner for the purchase of any real estate required for the purpose of its incorporation it shall have the right to acquire title in the manner prescribed. C. S., 1715. The petition must contain the requisite allegations, including an averment that the petitioner has not been able to obtain the title and the reason of such inability. C. S., 1716. This allegation is necessary because it is the statement of a preliminary jurisdictional fact. It presents a question to be decided in the first instance by the clerk, whose ruling is subject to review at the proper time by the judge on appeal; but a denial of it in the answer does not raise an issue of fact to be tried by the jury. *Abernathy v. R. R.,* 150 N. C., 97; *Durham v. Rigsbee,* 141 N. C., 128; *Hill v. Mining Co.,* 113 N. C., 259; *Allen v. R. R.,* 102 N. C., 381.

The judge found as a fact that the petitioner's agent offered Jane Moses $7,500 for the whole tract and, though she was entitled to dower which had not been assigned, she named $12,000 as the price and informed the agent that she would not sell a part; and upon these facts it was held as a conclusion of law that Jane Moses had no authority to sell any interest in the land except her right of dower, and as a fact that no other effort had been made in good faith to agree on a price with the owners or to purchase the premises.

We adhere to the principle that except in cases relating to equitable matters the facts as found by the trial court are ordinarily conclusive on appeal. *Howard v. Board of Education,* 189 N. C., 675; *Cameron v. Highway Commission,* 188 N. C., 84; *Plott v. Comrs.,* 187 N. C., 125. But this principle does not preclude the review of inferences or conclusions of law; and upon the record such inferences are presented both as to infancy and the widow's right of dower. It is true that dower, until assigned, is a mere right and not an estate in the land of the deceased husband; but the widow's sale of her right constitutes an equitable assignment sufficient to sustain a proceeding to have the contract established and specifically executed. *Harrison v. Wood,* 21 N. C., 437 (see, however, *Moore v. Shields,* 68 N. C., 327, 331); *S. v. Thompson,* 130 N. C., 680; *Fishel v. Browning,* 145 N. C., 71. We are of opinion that the clause, "the corporation has not been able to acquire title thereto" (sec. 1716), has no reference to the pecuniary resources of the corporation; it may apply to the owner's refusal to sell except at a price which in the judgment of the corporation is excessive, to cases in which the owner by reason of some disability cannot convey his title, and likewise in other instances. It is only reasonable to say that no attempt need be shown to purchase from one who is under disability. If the price had been agreed on the conveyance of the infants would have been

voidable, and they would have tendered a title which the petitioner would not have been required to accept. The statute does not contemplate this useless formality. *Baggett v. Jackson,* 160 N. C., 26. In *Railway Co. v. Oakes,* 20 Ind., 9, it is said: "The owners of the property being infants were, for that reason, not of legal capacity to give a valid relinquishment or to agree upon a fair compensation. And the defendants were therefore excused from the demand and offer, which in ordinary cases are required by the charter." See, also, *Davis v. R. R.,* 48 N. E. (Ill.), 1058; *Balch v. Comrs.,* 103 Mass., 106; *Public Service Co. v. Recktenwald,* 8 A. L. R., 466, and annotations.

This conclusion is not affected by C. S., 1726, which is intended to enable a trustee, or guardian, or committee to proceed as therein directed, or by the fact that some of the tenants are of full age. Inability to acquire the title of some of the owners makes it unnecessary to negotiate with the others. *Hill v. Mining Co., supra; Rogers v. Cosgrave,* 153 N. W., 569. The judgment is

Reversed.