(No. 22984.

THE PEOPLE *ex rel.* The John V. Farwell Company, Appellant, *vs.* EDWARD J. KELLY *et al.* Appellees.

*Opinion filed June 18, 1935.*

AARON SOBLE, and WILLIAM FELDMAN, (IRVING GOOD-
MAN, of counsel,) for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (JOSEPH F.
GROSSMAN, of counsel,) for appellees.

Mr. JUSTICE SHAW delivered the opinion of the court:

In 1916 the city of Chicago, without condemnation or
warrant of law, so raised the grade of Monroe street as
to damage the adjacent property of the appellant, the John
V. Farwell Company. Ten years later, in 1926, the ap-
pellant obtained a judgment against the city for that dam-
age in the sum of $51,672.38. During the following eight
years, although some payments of interest were made, no
part of the principal of the judgment has been paid not-
withstanding frequent demands. In 1934 the appellant
commenced the present case by petition for writ of *man-
damus* in the superior court of Cook county, seeking to
compel the mayor, city treasurer, comptroller and other
proper officers to take the necessary steps for making im-
mediate payment. A trial was had upon issues formed by
the petition, answer and replication, resulting in a judg-
ment for the defendants, from which an appeal is prose-
cuted directly to this court, it being contended that the

Judgment Tax act, as amended in 1934, (Laws of 1933-34, (Third Special Sess.) p. 122,) is unconstitutional.

The Judgment Tax act, as amended, provides, in substance, that after the year 1930, cities having populations of 150,000 or more may make an annual levy of not to exceed three cents upon each one hundred dollars of assessed valuation for the purpose of paying judgments entered against the city prior to January 1, 1930, with a further provision that no part of the tax shall be used for payment of any amount assessed against the municipality for public benefits in any preceding year under the Local Improvement act. It also provides that no tax warrant shall be issued against this levy; that the fund shall be known as "the judgment tax fund," and that the levy shall be in addition to the maximum of all other taxes authorized. It is further provided that all moneys received from the tax shall be used solely for the purpose of paying judgments, and that judgments to be paid from the fund shall be paid in the order in which they were obtained. There are other provisions not pertinent to the present inquiry.

The record shows that at the time of filing the petition, and also at the time of the hearing thereon, the city had $181,002.62 in what was known as a judgment tax fund, exclusive of the corporate fund; that in 1934 the city appropriated $742,450.84 to pay judgments entered before January 1, 1930, and $850,000 to pay judgments entered after January 1, 1930, and that, separating judgments for property damage in cases where private property had been taken or damaged for public use from all other judgments, there were at the time of the hearing $124,025 of such judgments unsatisfied which had been obtained prior to the judgment of the appellant herein. It also appeared, and was admitted, that many judgments had been paid otherwise than in the order of their having been obtained, "upon express orders, resolutions or ordinances of the city council of the city of Chicago." The record is silent as to any-

one other than the appellant herein making any claim or demand upon the city, starting any proceeding by *mandamus* or displaying any diligence in an effort to collect.

It is contended by the appellant that section 13 of article 2 of the constitution, providing that private property shall not be taken or damaged for public use without just compensation, is entirely self-executing, and that any statute which may conflict therewith is void; that its judgment is based upon this constitutional provision and is of such a character as to make it mandatory upon the city to pay it, regardless of what may happen to other claims or judgments against the city; that paragraph 697a of the Cities and Villages act, (Smith's Stat. 1933, p. 488,) creating a judgment tax fund, is but an additional method for the payment of such judgment, and that if construed as interfering with the appellant's right to immediate payment is unconstitutional and void, being retroactive in its effect, impairing the obligation of a contract, and in direct conflict with section 13 of article 2 above mentioned. The appellant urges there is sufficient money available in the judgment tax fund to pay the judgment; that its payment or non-payment is not discretionary with anyone and that nothing remains to be done but draw the proper orders or vouchers, thus making *mandamus* an appropriate and proper remedy.

It is contended by the city that it does not have sufficient funds to pay the appellant's judgment and all other judgments; that there was no proof that the city had not exhausted its powers of taxation and borrowing; that because of the re-assessment of property in 1928 taxes were delayed in collection, to the great detriment of public revenue; that by reason of the economic depression and the re-assessment of property in Cook county there had been a general tax strike, which had materially and seriously reduced the city's funds, and that since 1927 all revenues have been insufficient to pay all judgments.

Changing the grade of a street in such a way as to obstruct ingress or egress to or from the private property of a citizen is damaging property for public use within the meaning of section 13 of article 2 of the constitution of 1870. (*Rigney* v. *City of Chicago,* 102 Ill. 64; *Chicago and Western Indiana Railroad Co.* v. *Ayres,* 106 id. 511; *City of Bloomington* v. *Pollock,* 141 id. 346; *City of Chicago* v. *Jackson,* 196 id. 496; *Roe* v. *County of Cook,* 358 id. 568.) The constitutional guaranty is not satisfied by the obtaining of a judgment but only when compensation has been paid. (*Moore* v. *Gar Creek Drainage District,* 266 Ill. 399.) The appellant might have prevented the changing of the grade of Monroe street until such time as the damages were actually paid to it had it so elected. (*Springer* v. *City of Chicago,* 308 Ill. 356.) In the recent case of *Barrington Hills Club* v. *Village of Barrington,* 357 Ill. 11, we said: "This court has repeatedly held that the taking of property by a municipality or other body vested with the power of eminent domain will not be tolerated except in the manner prescribed by statute, and the taking must be accompanied by payment at the time the property or right is taken. * * * Conveniences have never been balanced in this State and equities have never been weighed where a private right or private property was sought to be taken by other than due process of law and the party injured sought to enjoin such taking." In *Roe* v. *County of Cook, supra,* we said: "The constitutional right of all property owners to compensation when their property has been damaged or taken for public use is one of the most salient provisions of our bill of rights." It should be unnecessary to point out to the city officials who are appellees here that an unpaid judgment which is now eight years old, and which was not obtained until ten years after the property was damaged, is not just compensation within the meaning of the constitutional requirement.

We find it unnecessary to discuss any possible effect of the amendment to the Judgment Tax act or any provisions of the ordinances of the city of Chicago concerning the order of payment of judgments. No question of priority is involved. There is admittedly more money in the judgment fund of the city than is required to pay the claim involved and there is no evidence of any other judgment creditor making claim on that fund. So far as this record shows, all other creditors may be acquiescent and satisfied with the receipt of interest payments, such as were shown to have been made to the appellant here. The provisions of section 13 of article 2 of the constitution are self-executing, neither requiring any legislation for their enforcement nor susceptible of impairment by legislation or ordinance. (*Roe* v. *County of Cook, supra,* and authorities there cited.) See, also, *Jacobs* v. *United States,* 290 U. S. 13, discussing the fifth amendment to the constitution of the United States.

Disregarding all inappropriate arguments and side issues, the record before us amounts simply to this: The appellant's property was damaged for a public use within the meaning of section 13 of article 2 of the constitution. That provision is self-executing, and the appellant has not been paid just compensation. There is more than enough money in the city treasury appropriated to the judgment fund than is required to pay this judgment with its incidental costs and interest, and there is no one else before the court making any claim to that money. Nothing remains to be done but to make payment, and whether or not that payment shall be made is not discretionary with any public official. (*People* v. *Rice,* 356 Ill. 373; *People* v. *City of Chicago,* 360 id. 25.) In the case last cited we said: "Neither the legislature nor any executive or judicial officer may disregard the provisions of the constitution even in case of a great emergency." The money is available, there is no question of discretion involved, and *mandamus* is therefore the

proper remedy. *People* v. *City of Chicago, supra; People* v. *Rice, supra; Lake Forest Drainage District* v. *Highway Comrs.* 292 Ill. 340.

The judgment of the superior court will be reversed and the cause remanded to that court, with directions to let the writ of *mandamus* issue as prayed.

. *Reversed and remanded, with directions.*