(No. 26364.—

THE PEOPLE *ex rel.* Louise E. Wanless, Exrx., Appellee, *vs.* THE CITY OF CHICAGO *et al.* Appellants.

*Opinion filed Nov. 24, 1941—Rehearing denied January 14, 1942.*

454

BARNET HODES, Corporation Counsel, (JAMES A. VELDE, SYDNEY R. DREBIN and J. HERZL SEGAL, of counsel,) for appellants.

URION, BISHOP & SLADKEY, (HOWARD F. BISHOP, and ROBERT F. DEWEY, of counsel,) for appellee.

Mr. Justice Farthing delivered the opinion of the court:

May 13, 1940, appellee filed her petition for *mandamus* to compel the city of Chicago to pay a judgment against it. That judgment, entered November 17, 1939, *nunc pro tunc* as of November 3, 1939, was in the amount of $43,414.58, and costs, and was for damages to appellee's real estate within the contemplation of section 13 of article 2 of our constitution. (Ill. Rev. Stat. 1939, p. 43.) The petition alleged that the city of Chicago had collected and had on hand sufficient moneys to pay said judgment. It charged that section 7-29 of the Municipal Code of Chicago, which would require all judgments against the city to be paid in the order of their entry and thereby prevent payment of petitioner's judgment until all prior judgments of every kind have been paid, is void, arbitrary and unconstitutional in that it violates sections 2, 13 and 19 of article 2 of the Illinois constitution and the fifth and fourteenth amendments to the constitution of the United States. The answer of the city admitted the validity of the relatrix's judgment but denied she had been deprived of her property or that her property had been damaged contrary to the Federal or Illinois constitutions. It averred that the constitution with reference to just compensation was satisfied by the ascertainment thereof and entry of the judgment against the city, for the payment of which the full faith and credit of the city was pledged and for the delay in payment of which the law has provided for the payment of interest.

By their answer defendants averred that there was at that time on hand in the corporate purposes fund the sum of $2,688,006.90; that the accrued pay-roll of the city of Chicago was $1,550,000, and it alleged, generally, that all of said money was necessary for the essential governmental functions of the city of Chicago. The answer set

up as a defense section 7-29 of the Municipal Code of Chicago and asserted that judgments in excess of $6,000,000 were entered prior to that of relatrix, remain unpaid, and are required by the ordinance to be paid prior to that of relatrix. It is also alleged that numerous petitions for *mandamus* to pay judgments against the city had been instituted prior to the filing of this suit, and by exhibit "A" to the answer set forth the date of the filing of each petition, the court in which it was filed, the docket number, the amount due on the judgment and the date of its entry. These total more than $836,000.

The answer further averred that the city appropriated in the 1940 appropriation bill for the payment of this judgment and "that this judgment was against current assets of the Corporate Purposes Fund at January 1, 1940;" that the city had not collected sufficient of said current assets since January 1, 1940, to pay all of the liabilities appropriated as a charge against said current assets; the city had done all within its power to provide for the payment of the judgment but had been unable to do so because it had not been able to collect sufficient of its current assets over and above moneys needed to carry on the most essential functions of government, and that the city had levied during the year 1940 taxes in the maximum amount authorized by law.

The answer concluded by alleging that many other demands for the payment of judgments had been made and *mandamus* suits threatened but not filed; that if the courts should compel payment by *mandamus* "the policy of the city of Chicago to liquidate judgments in an orderly manner will be thwarted and the deluge of petitions for writs of *mandamus* will be enormously increased, favoritism and partiality in payment by reason of the action of the court will result, the credit of the city of Chicago will be disarranged, and great confusion and disorder will be created." By an amendment to the answer defendants set forth the cash

assets and liabilities of the corporate purposes fund as of December 31, 1940, showing a cash deficit to pay current obligations of $16,827,279.44. Included in the liabilities was an item of $10,000,000 in unpaid bills.

The only testimony as to the financial condition of the city of Chicago was given by Harry M. Doyle, a witness for defendants. Doyle was chief clerk in the office of the city comptroller. He testified that he prepared the figures relating to the corporate purposes fund as contained in the amended answer. They showed cash in excess of the accrued pay-roll of $96,000 as of that date. He made no attempt to itemize the unpaid bills which totalled $10,000,000, mentioned above. Doyle testified that all other funds of the city besides the corporate purposes fund are specifically set up either by statute or ordinance for certain particular purposes. He said that when this *mandamus* suit was filed there was approximately $400,000 in the judgment fund.

The superior court of Cook county held (1) that section 7-29 of the Municipal Code of Chicago is unconstitutional as violative of sections 2, 13 and 19 of article 2 of the Illinois constitution and the fifth and fourteenth amendments of the United States constitution, and (2) that the city had on hand sufficient moneys to pay the judgment involved, together with interest thereon. It ordered the issuance of a peremptory writ of *mandamus* as prayed. An appeal was taken to the Appellate Court for the First District, and that court, on motion of appellee, transferred the cause to this court. The transfer was proper because the determination of the validity of section 7-29 of the Municipal Code requires a construction of the constitution. *People* v. *Clean Street Co.* 225 Ill. 470; *Village of Lake Zurich* v. *Deschauer,* 310 id. 209.

The first question necessary for us to decide is whether section 7-29 of the Municipal Code of Chicago is valid. It requires that judgments against the city be paid in

the order of their entry. That section is similar to the Judgment Tax Fund act (Ill. Rev. Stat. 1939, chap. 24, par. 697a) in so far as it requires the payment of judgments in the order of their rendition. The constitutionality of such ordinances or acts has never expressly been passed upon by this court. It has been held that such a provision is no bar to a *mandamus* action where, though prior judgments exist, it is not shown that other prior judgment creditors are demanding payment, and it does appear there is sufficient money in the judgment tax fund to pay the judgment involved. (*People* v. *Kelly,* 361 Ill. 54; *People* v. *Kelly,* 367 id. 616; *People* v. *City of Chicago,* 377 id. 502; *People* v. *City of Chicago,* 377 id. 573; *People* v. *Kelly,* 377 id. 561.) The first two cases cited involved condemnation judgments for damages to private property. However, in *People* v. *Kelly,* 361 Ill. 54, there was no showing that any other judgment creditors were making claim on the fund, and in *People* v. *Kelly,* 367 id. 616, prior *mandamus* suits involving judgments in excess of the amount of the judgment tax fund had been filed, but in this court the constitutional question was abandoned. The other cases did not involve condemnation judgments and, moreover, in them no constitutional questions were urged.

Section 13 of article 2 of the Illinois constitution, provides that "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law." This constitutional requirement is self-executing, and neither requires any legislation for its enforcement nor is susceptible of impairment by legislation or ordinance. (*People* v. *Kelly,* 361 Ill. 54; *People* v. *Kelly,* 367 id. 616; *Roe* v. *County of Cook,* 358 id. 568.) This requirement is not satisfied when the judgment is entered, but only when the compensation is actually paid. (*Moore* v. *Gar Creek Drainage*

*District,* 266 Ill. 399; *People* v. *Smart,* 333 id. 135; *People* v. *Kelly,* 361 id. 54; *People* v. *Kelly,* 367 id. 616.) It is essential that an adequate remedy be provided for the recovery of such damages. (*People* v. *Smith,* 374 Ill. 286; *People* v. *Kingery,* 369 id. 289.) Where there is delay in the payment of a condemnation judgment it cannot reasonably be said that its payment at some later date will amount to just compensation, because the owner in such case is deprived of the full and beneficial use and enjoyment of his property without legal process or compensation. (*Feldman* v. *City of Chicago,* 363 Ill. 247.) The ordinance in question seeks to place condemnation judgments on the same footing with all other judgments, and it deprives such judgment creditors of any right to compel payment unless all creditors who obtained prior judgments have either been paid or have been notified by the comptroller that their claims are ready for payment and have failed to present their judgments for payment within fifteen days thereafter. It must be remembered that a landowner whose property is taken or damaged for public use through the exercise of the power of eminent domain is an involuntary creditor who has no right to prevent the city from taking or damaging his property. To place him in the same class with the person who voluntarily became a creditor of the municipality, with knowledge of its financial condition, and then to deny him the right to payment until all prior judgment creditors have been paid or given a chance to be paid, is a denial of his right to just compensation. It is no answer to say that he is entitled to interest on his judgment until he is paid. His right to payment of the judgment itself cannot be thus circumscribed. We, therefore, hold that section 7-29 of the Municipal Code of Chicago is in conflict with section 13 of article 2 of our constitution and is void.

This leaves for consideration the question of whether the city had sufficient money available for the payment of

this judgment. ·Appellants state that the record conclusively shows the city had no moneys available for the payment of the plaintiff's judgment. They say want of funds is a complete defense to a petition for *mandamus,* and cite cases involving situations where the particular fund out of which payment was sought had been completely exhausted or no appropriation had ever been made. (*DeWolf* v. *Bowley,* 355 Ill. 530; *Board of Supervisors* v. *People,* 222 id. 9; *Hall* v. *People,* 57 id. 307; *People* v. *Brown,* 281 id. 390; *City of Chicago* v. *People,* 210 id. 84; *People* v. *Pavey,* 137 id. 585.) Those cases have no application here. Appellants admit the present judgment is a charge against the corporate purposes fund, and their proof shows that at the time of the hearing, shortly before the issuance of the writ of *mandamus,* there was more than sufficient money in that fund to pay this judgment. If its payment would prevent the city from carrying on the essential governmental functions, that fact should have been presented by answer and supported by proof. (*People* v. *Rice,* 356 Ill. 373.) No such showing has been made in this case. Such general allegation was contained in the answer but no proof was offered to substantiate it. There was no proof as to what costs of any particular functions of government were payable from this fund and hence none that they were essential or would have to be curtailed. Under this same point appellants suggest that the pendency of other *mandamus* suits in an amount greater than the cash in the corporate purposes fund demonstrates that the city has no money available for the payment of this judgment. We fail to see the force of this argument. The mere pendency of a suit, before judgment, does not deplete the funds of a city and does not preclude others from filing similar suits.

For the reasons stated, the order of the superior court is affirmed.          *Order affirmed.*