(No. 27083.—Judgment affirmed.)

THE PEOPLE *ex rel.* Louise Markgraff *et al.,* Appellees, *vs.*
WALTER A. ROSENFIELD, Director of Public Works and
Buildings, Appellant.

*Opinion filed May 20, 1943—Rehearing denied Sept. 15, 1943.*

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellant.

BELL, WYNNE & DIXON, and NING ELEY, (JEROME F. DIXON, of counsel,) for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellant, Director of the Department of Public Works and Buildings, appeals from the judgment of the circuit court of Cook county awarding a writ of *mandamus* to compel him to condemn a strip of land on which a State public highway was constructed in 1929. The facts are not in dispute. Judgment was rendered after hearing upon the pleadings under certain stipulations regarding the facts.

It appears from the complaint that one of the plaintiffs, Louise Markgraff, prior to April 21, 1928, was the owner in joint tenancy with her husband, John Markgraff, of the land located in Cook county, over which a portion of the hard road known as Route 58 was constructed. On that date the husband, John, executed and acknowledged a plat of dedication, wherein he dedicated to the public,

for highway purposes, the strip of land involved in this controversy. Louise Markgraff, the other joint tenant, did not join in this dedication. However, in 1929 the Department of Public Works and Buildings entered upon the land and constructed thereon a segment of hard road known as Route 58 and has since maintained that road.

It appears also that on January 30, 1940, John and Louise Markgraff conveyed, by warranty deed, to the appellee Hattie Markgraff, a part of the premises involved in these proceedings, and on April 11, 1940, they conveyed to others of the appellees certain other portions of the strip involved here. John Markgraff died August 14, 1940, whereupon the land first described, less the two tracts described as having been deeded to the other appellees, passed to Louise Markgraff, the surviving joint tenant. It is alleged in the complaint that none of the appellees have dedicated any portion of the land described, for highway purposes, but remain the owners thereof; that the Department of Public Works and Buildings is a trespasser upon the land, and that unless it be required to institute condemnation proceedings before the expiration of the statutory period of fifteen years, the public will acquire an easement by adverse possession. The complaint also alleges demand and refusal by the Director to institute such proceedings.

The appellant denies that the Department is a trespasser upon the land, alleges his predecessor received the deed of dedication from John E. Markgraff, one of the joint tenants, in good faith, and, with the knowledge of all of the appellees, improved said land by constructing a cement highway thereon, and that other appellees, who received deeds from John and Louise Markgraff for portions of this strip, knew at the time that the portion described in their deeds was improved by a public highway.

The answer alleges that Louise Markgraff is estopped to deny the right of the Department to the property de-

scribed in the plat, as she knowingly allowed it to, in good faith, spend large sums of money to improve the property, without at any time, from the construction of the highway in 1928 and 1929 until April 17, 1941, raising any objection or notifying the Department that she was an owner as joint tenant. The trial court held that the effect of the dedication by John Markgraff was to convey to the Department an undivided one-half interest in the premises but it issued a writ of *mandamus* to require condemnation of the remaining one-half interest, as prayed in the complaint. No appeal or cross appeal was taken from the holding as to the ownership of the John Markgraff interest and the judgment of the court is conceded to be, to that extent, correct. The errors urged here are that the trial court should have held that the acquiescence of appellees in the construction and user of the road operated either as a common-law dedication or as an estoppel to deny the existence of such dedication. It is also argued that the court erred in holding that the grantees of John and Louise Markgraff, who are the appellees other than Louise Markgraff, have any interest in the proceeding.

Appellant's counsel, in support of the first contention, argue that Louise Markgraff having, with full knowledge, allowed the improvement by the construction of the expensive highway, under such circumstances as caused the public authority and general public to assume that the user was proper and lawful, and, having received the benefit of such improvement to adjacent lands, with knowledge that the user was not regarded by public authority as merely permissive or in the nature of a license, an inference of dedication or an estoppel to assert want of such dedication arises to deny appellees the right to have the land appraised and paid for by condemnation proceedings. It is conceded by the Director that his predecessor took possession of said land and constructed the highway without obtaining from Louise Markgraff a dedication of her

interest in the land and without proceeding under the law of eminent domain to have ascertained and paid to her the value of the property taken.

Section 13 of article II of the constitution of this State provides that private property shall not be taken or damaged for public use without just compensation. This provision is self-executing and cannot be annulled by nonaction of a head of a department of the State. (*People ex rel. First Nat. Bank* v. *Kingery*, 369 Ill. 289; *People ex rel. Decatur and State Line Railway Co.* v. *McRoberts*, 62 Ill. 38.) Unless the owner whose land is wrongfully taken acquiesces in the trespass, taking and use of the property for a public highway for the statutory period of fifteen years, such owner cannot be defeated of his right to compensation. Under section 139 of the Roads and Bridges Act, (Ill. Rev. Stat. 1941, chap. 121, par. 152,) in order that the Department acquire an easement by adverse use, such adverse possession must continue for a period of fifteen years. The right of the owner to damages because his property is taken or damaged for public use is absolute, and it makes no difference whether the amount of the damages is ascertained before the injury is inflicted or afterwards. Giving the constitution and statute any different construction would annul them. *People* v. *Kingery*, 369 Ill. 289.

Appellant's predecessor had constructive notice from the record of the deed to John and Louise Markgraff that the latter was the owner of a one-half interest in the land taken, as joint tenant with her husband, John. Apparently possession of the land was taken under the erroneous assumption that the plat of dedication executed by John Markgraff conveyed the entire fee to the land. Such assumption, however, could not justify taking possession of the tract, and insofar as Louise Markgraff was concerned, appellant was a trespasser upon her rights and such possession by appellant's predecessor in noway affected her

right to compensation and to have such compensation determined by condemnation under the Eminent Domain Act of this State. At the time of the taking of the land, appellee Louise Markgraff had done nothing by which it might be even inferred that she intended to or did dedicate her portion of the land to public use.

Appellant argues that such dedication may be inferred from the fact that she stood by with full knowledge while the improvement was being constructed, and, in support of this contention, has cited and discussed numerous cases. It is unnecessary to analyze those cases in this opinion as their factual situations are not comparable to that in the case before us. They were either cases where the question was whether there was a common-law dedication of the highway by the owner of the land, or whether prescriptive right by adverse possession had accrued to the public.

To constitute a common-law dedication it is essential that there be an intention on the part of the owner of the land to donate the same to the public use and an acceptance thereof by the public. The proof of all these facts must be clear and unequivocal. The vital and controlling principle in a common-law dedication is the *animus donandi*, which may be indicated by a formal declaration or by acts from which it may be so fairly presumed as to equitably estop him from denying such intention. But without such manifestation of intent by either of those modes, it cannot be said that a valid dedication is shown. Proof of acts on the part of a donor and the public, evidencing an intention to dedicate and to accept and appropriate land to public use, must, where dedication is relied upon to support some right, be clear and unambiguous. (*Fisk* v. *Town of Havana,* 88 Ill. 208.) Dedication is not an act of omission to assert a right but is the affirmative act of the donor resulting from an active and not a passive condition of the owner's mind on the

subject. A mere nonassertion of his right does not establish a dedication unless the circumstances establish the purpose or intent to donate the use to the public. *City of Chicago* v. *Drexel,* 141 Ill. 89; *City of Bloomington* v. *Bloomington Cemetery Association,* 126 Ill. 221; *City of Chicago* v. *Stinson,* 124 Ill. 510; *Grube* v. *Nichols,* 36 Ill. 92.

Acquiescence with the knowledge of use by the public, and without objection, is not conclusive evidence of intent to dedicate, for such evidence may be rebutted. (*Kyle* v. *Town of Logan,* 87 Ill. 64.) Acquiescence in a permissive use can never be said to show an intent to dedicate land to public use. (*Leonard* v. *Pearce,* 348 Ill. 518.) The remedy sought by Louise Markgraff is that which is guaranteed to her by section 13 of article II of our constitution, which is to have damages determined for the taking of private property for public use. This is a vested right. (*Ettor* v. *Tacoma,* 228 U. S. 148, 57 L. ed. 773; *People ex rel. O'Meara* v. *Smith,* 374 Ill. 286; *People* v. *Kingery,* 369 Ill. 289.) It is clear from the record in the case before us that appellee Louise Markgraff is not shown to have so acted as to create an estoppel against her. It follows that she continues in the enjoyment of a right to compensation up to such time as the State may, by adverse possession, deprive her of that right. It is the duty of the appellant, as Director of the Department of Public Works and Buildings, to institute, under the Eminent Domain Act, proceedings to ascertain the value of land taken or damaged for public use.

Appellant insists that the judgment is erroneous to the extent that it awarded the writ in favor of appellees who acquired their interest in the land subsequent to the construction of the highway. Whether the grantees of Louise Markgraff, who acquired their interest subsequent to the construction of the highway, are entitled to compensation, or whether she alone may receive such, is of no conse-

quence in this proceeding. They are parties having an interest in the premises and would be necessary parties defendant to a condemnation proceeding such as is sought to be required of the appellant. (*Chicago and Northwestern Ry. Co.* v. *Miller,* 251 Ill. 58.) When eminent domain proceedings. are brought, the question whether Louise Markgraff's grantees are entitled to compensation will naturally be there raised and determined. This determination in nowise affects the question whether appellant should bring eminent domain proceedings, which is the only issue before us here.

The judgment of the circuit court is right and is affirmed.

*Judgment affirmed.*