CITY OF WINSTON-SALEM, PETITIONER v. C. H. WELLS AND WIFE, AUGUSTA H. WELLS, RESPONDENTS.

(Filed 5 November, 1958.)

**Eminent Domain § 5—**

Where petitioner deposits into court the sum fixed by the commissioners as just compensation and enters into possession, respondents may not accept such sum except as full payment, and therefore upon the later adjudication of the amount of compensation in a larger sum, respondents are entitled to interest on the full sum so adjudicated from the time petitioner took possession until payment of compensation is made.

PARKER, J., not sitting.

APPEAL by respondents from *Craven, S. J.,* May 26, 1958 Civil Term, FORSYTH Superior Court.

The City of Winston-Salem instituted this proceeding before the clerk to acquire by condemnation for street purposes an easement over certain described lands of the respondents. The commissioners appointed for the purpose determined the City should pay as just compensation for the taking the sum of $2,860. The respondents filed exceptions to the report which were overruled by the clerk. From his order confirming the report, the respondents appealed to the superior court in term. The City paid into the clerk's office the sum of $2,860 and entered into possession on March 30, 1956.

The jury in the superior court fixed the defendants' damage at $11,500. Pending decision on petitioner's motion to set the verdict aside as excessive, the parties stipulated: "The judge will enter a judgment for the principal amount of $10,000." Judgment as stipulated was entered July 18, 1958. The court held the respondents were not entitled to interest and so provided in the judgment. Respondents excepted and appealed.

*Deal, Hutchins & Minor, By Roy L. Deal for respondents, appellants.*

*Womble, Carlyle, Sandridge & Rice, By: W. F. Woble for petitioner, appellee.*

HIGGINS, J. The only questions presented by this appeal are whether the respondents are entitled to interest; and, if so, on what amount, and from what date. The petitioner deposited in the clerk's office $2,860 for the property taken. The respondents objected on the ground the deposit was inadequate. Subsequent trial and judgment sustained their contention and fixed the amount of just compensation at $10,000. The respondents could not have accepted the deposit without exposing themselves to the charge that they had settled the controversy. "True,

the respondent was not obligated to accept the amount, but it was an offer subject to acceptance by her. And when she accepted it, the question of compensation was settled — and the purpose of the proceeding accomplished." *Highway Commission v. Pardington,* 242 N.C. 482, 98 S.E. 2d 102. The deposit with the clerk was of no benefit to the respondents. It was intended by the City as payment in full. The respondents had to accept on that basis or not at all.

The case of *DeBruhl v. Highway Commission,* 247 N.C. 671, 102 S.E. 2d 229, settles the question of interest. "On the facts before us, we hold as a matter of law that petitioners are entitled to have the jury award them interest at the rate of six per cent from the day of the taking . . . on whatever sum they may find to be the fair market value of their property on the taking date, such interest to be deemed an additional sum awarded to petitioners . . . in payment of their property taken, as an element of the just compensation guaranteed to them by Article I, Section 17, of the North Carolina Constitution, and by the 14th Amendment to the United States Constitution."

We conclude, therefore, the respondents are entitled to interest on $10,000 from March 30, 1956 — the date of the taking. The judgment of the Superior Court of Forsyth County will be modified in accordance with this opinion and, as so modified, is affirmed.

Modified and Affirmed.

PARKER, J., not sitting.