THE RED SPRINGS CITY BOARD OF EDUCATION v. MARY C. McMIL-
LAN, CORNELIA S. McMILLAN, HAMILTON McMILLAN, MIGNON
McMILLAN, JANE McMILLAN, MARY E. PALMER AND HUSBAND, MEL-
VIN PALMER, AND CATHERINE M. TUDOR AND HUSBAND, CHARLES
TUDOR.

(Filed 12 June, 1959.)

**1. Eminent Domain § 7b—**

Under G.S. 40-12 allegation that the agency or corporation seeking
to acquire land by condemnation had made a *bona fide* attempt to pur-
chase the land by agreement is jurisdictional but presents a question
to be decided in the first instance by the clerk, subject to review by
the judge, and does not raise an issue of fact for the jury.

**2. Same—**

Where the court finds upon supporting evidence that petitioner nego-
tiated for the purchase of the land and that respondents stated they
would not sell at any price, its conclusion that petitioner had complied
with the provisions of G.S. 40-12 will not be disturbed, notwithstanding
the absence of evidence that petitioner ever made a specific offer, since
the law does not require the doing of a vain thing.

**3. Eminent Domain § 9—**

In proceedings to condemn land, the burden is properly placed upon
respondents to prove their damages by the greater weight of the evi-
dence.

**4. Judgments § 17b—**

The judgment must conform to the verdict of the jury in all substan-
tial particulars.

**5. Eminent Domain § 5—**

It is error for the judgment for the amount fixed by the jury as com-
pensation in condemnation proceedings to award interest from the date
the condemnation proceedings were instituted, since it will be assumed
that the jury in fixing the amount of the damages included therein any
interest properly recoverable, and on appeal the judgment will be amend-
ed by striking out the item of interest but will stand for the amount
assessed by the jury with interest from the rendition of the judgment.

PARKER, J., concurring in the result.

HIGGINS, J., joins in the concurring opinion.

APPEAL by both respondents and petitioner from *Williams, J.,* at
May 1958 Term of ROBESON— argued as No. 744 at Fall Term 1958.

Special proceeding instituted 10 June, 1957, by the Red Springs
City Board of Education to condemn a certain tract of land in the
town of Red Springs, Robeson County, North Carolina, specifically
described in Exhibit A attached to the petition of petitioners, owned

by Mary C. McMillan, and others, respondents, for school purposes.

Pertinent to this appeal it is alleged in the petition:

"7. That petitioner has been unable to acquire the said premises described in Exhibit A hereto attached by purchase and has been unable to get an agreement for the purchase of the said premises.

"8. That petitioner has attempted to negotiate for the purchase of said property with defendants and has made to defendants a fair and reasonable offer for said premises but defendants refuse to accept said offer and refuse to make any counter-offer."

Whereupon petitioner prays that the aforesaid tract of land be condemned for its purposes as provided by law.

In answer thereto respondents aver:

"7. That seventh paragraph is denied, and these respondents say that the petitioner has made no *bona fide* effort to acquire the said lands by purchase from these respondents, * * *

"8. These respondents say that there has been no *bona fide* effort to negotiate for the purchase of said property from these respondents and no offer has been made, only a mere statement of the opinion of values, without any effort to negotiate a purchase of the same, and except as herein admitted the said eighth paragraph is denied."

Upon the trial in Superior Court the parties offered evidence, and the case was submitted to jury on issue shown hereinafter, answered as indicated, upon which judgment was entered as hereinafter shown, from which both respondents and petitioner appeal to Supreme Court and assign error.

*Varser, McIntyre, Henry & Hedgpeth for respondents, appellants and appellees.*

*Henry A. McKinnon, William E. Timberlake for petitioner appellant and appellee.*

The appeal by respondents, McMillan, appellants:

WINBORNE, C. J. These appellants in brief filed on this appeal make this statement of facts: "The petitioner, Red Springs City Board of Education, an administrative unit in the school system of Robeson County, instituted three proceedings to condemn additional lands adjoining its school site, and the respondents answered as appears of record. The three proceedings were consolidated for trial in the Superior Court, and the appeal by the respondents is one of these proceedings, the other two, called the Hodgin and McKenzie interests, have not appealed and are not further interested.

The respondents McMillan own a small parcel of land desired by

the petitioner, and a proceeding was instituted, along with two others, to condemn the respondents' land, described in the petition.

"There is no dispute about the description of the area of land claimed for condemnation.

"These three proceedings, including the McMillan proceeding were instituted 10 June, 1957. Three proceedings, including the McMillan lands had been instituted prior to that time, but on account of the amendment to the school condemnation law enacted by the General Assembly of 1957, the first proceedings were dismissed and the petitioner proceeded on 10 June, 1957, under the amendment enacted in 1957, putting such proceedings within the terms of the Eminent Domain Statute, Chapter 40, General Statutes 40-1 to 40-53, and the instant proceeding was conducted pursuant to Chapter 40 of the General Statutes, as above indicated.

"The several steps provided by the above statute were complied with and were had before the Clerk and the appraisers, and upon the return of the appraisers and the exceptions filed by both sides to the rulings severally made, until the cause reached the Superior Court and the court, by consent of the parties, struck out all of the orders heretofore made and proceeded to try the case *de novo* upon the pleadings as filed. There was no dispute as to the fact that the petitioning Board of Education had determined that the land sought to be condemned was needed for school purposes.

"The court reserved the question as to whether there had been proper negotiations to acquire the land sought to be condemned before the proceeding was instituted, as appears in the record.

"The respondent appellants contend that prejudice was suffered by them in the trial, in the several exceptions and assignments of error noted herein, and that they did not receive at the hands of the jury adequate compensation for their lands and, apparently no consideration whatever for the effect of taking the lands sought to be condemned away from the other lands of the respondents."

And these respondents, the appellants McMillan, state three questions as involved on this appeal. *The first is this:*

"Did the court err in the admission and rejection of evidence?" Under this question fourteen assignments of error based upon a like number of exceptions arrayed in the main, without reason or argument stated or authority cited.

However, the fourteenth assignment of error appears to be a challenge to the ruling of the trial judge in holding that the requirements of the statute with respect to preliminary negotiations have been complied with. In this connection the statute, G.S. 40-12, pertaining

to acquisition of title by condemnation proceeding provides in pertinent part that the corporation may present a petition to the Clerk of the Superior Court of the County in which the real estate described in the petition is situated, praying for the appointment of commissioners of appraisal; and must state, in effect, that the land described in the petition is required for the purpose of conducting the proposed business, and that the corporation has not been able to acquire title thereto, and the reason of such inability.

Decisions of this Court hold that "this allegation is necessary because it is the statement of a preliminary jurisdictional fact. It presents a question to be decided in the first instance by the Clerk, whose ruling is subject to review at the proper time by the judge on appeal; but the denial of it in the answer does not raise an issue of fact to be tried by the jury." See *Power Co. v. Moses,* 191 N.C. 744, 133 S.E. 5.

Now, turning to the judgment in instant case, it is related that the court upon the call of the motion calendar finds that it was ordered "that the only issues yet to be determined were the issues * * * as to whether plaintiff negotiated for the purchase of the several properties as required by law, and * * * as to the damage caused, or to be caused, by the condemnation; that the issue(s) as to whether plaintiff negotiated as required by law was transferred to the Judge holding the court when the cause(s) came on for trial, and that the trial of the issue as to damages to the respondents should be had by a jury * * * "

* * * the Clerk of the court found * * * "that petitioner has found that it was necessary for it to acquire said land for school purposes and that it was necessary that said lands be so acquired; that petitioner was unable to acquire said land by purchase and had attempted to purchase the same * * * ."

And the court further finds: "4. That upon the * * * cause(s) coming on for trial as calendared * * * * the court announced that the court would hear the evidence and determine the issue as to whether petitioner had attempted to acquire the lands by purchase and had negotiated as required by law, and the court did hear the evidence of petitioner and of the respondents on this question, and the respondents in each proceeding owning the lands testified that they advised the petitioner at the time when the proposed acquisition was first mentioned to them that they would not sell the lands at any price, and they testified that they would not now sell it at any price, and the court found from the evidence and now finds as a fact that the petitioner * * * complied with the statutes and laws of North Carolina with reference to attempting to acquire the lands by pur-

chase and did negotiate for the purchase of the several properties, and that the petitioner was entitled to condemn the land for the purposes set forth in the petition (s)."

Indeed the record in case on appeal is replete with testimony as to statements of respondent owners such as these: " * * * that they definitely were not interested in selling; that they would not sell to school; that they did not want to sell." An offer made under such presence would be a vain thing, which is not required by law.

In the light of the findings of fact, and applicable principles of law, the ruling of the court is held to be proper.

*The second question:*

"Did the court err in its charge to the jury?" Under this question these respondents, the appellants McMillan, stake out exception to nineteen excerpts from the charge of the court as bases for a like number of assignments of error.

Here it is contended that the court erred in putting the burden of the issue of damages upon the respondents, and require them to satisfy the jury by the greater weight of the evidence that the respondents have been damaged.

The charge appears to be accordant with *Statesville v. Anderson*, 245 N.C. 208, 95 S.E. 2d 591, where in opinion by *Rodman, J.*, the Court held that "Defendant has the burden of establishing by competent evidence the damage he will sustain by the act of the plaintiff."

And considering the charge as a whole, prejudicial error is not made to appear.

*The third question:*

"Did the court err in the judgment entered?"

This is formal and no further express consideration need be given to it on this appeal.

*The Appeal by Petitioner, The Red Springs City Board of Education.*

The question here is this: "Did the court err in the judgment in allowing the respondent's interest on the award from June 10, 1957, the date this condemnation proceeding was instituted?"

In this connection reference to the record discloses that upon the trial in Superior Court this issue was submitted to the jury, and answered by the jury as indicated.

"What amount are the McMillan respondents entitled to recover as damages for condemnation of their lands by the petitioner and as compensation for the injury, if any, to the remaining land? Answer: $1,450.00."

And in respect thereto the pertinent portions of the judgment there-

on follow: "Now, therefore, it is considered, ordered and adjudged as follows: A. That the petitioner Red Springs City Board of Education is entitled to acquire by eminent domain the lands described on Exhibit A in this judgment as 'McMillan Lands' and upon the payment to the court for the use and benefit of Cornelia S. McMillan and Hamilton McMillan of the damages awarded by the jury as above set out in the amount of $1,450.00 and any interest thereon as hereinafter mentioned, the petitioner shall become and is the owner of in fee simple of said lands free and clear of any and all claims of the respondents or any of them named above in the proceeding entitled 'Red Springs City Board of Education, petitioner v. Mary E. McMillan and others,' and petitioner is and shall be upon such payment entitled to the immediate possession, control and ownership of said property and that the payment of said damages so awarded is and shall be in full compensation for the fee simple title to said lands, and petitioner shall be entitled to any appropriate writ to enforce such possession and control. * * * *

"D. That said awards shall bear interest at the rate of six per cent per annum from June 10, 1957, the date in which the (three) proceedings were instituted.

"E. That if there are liens of record against any of said lands, same shall be satisfied from the proceeds paid into the court for the use and benefit of the owners of such lands."

In the light of the verdict, error in the judgment with respect to interest is manifest. *Supply Co. v. Horton*, 220 N.C. 373, 17 S.E. 2d 493; *Hutchins v. Davis*, 230 N.C. 67, 52 S.E. 2d 210; *Durham v. Davis*, 171 N.C. 305, 88 S.E. 433. Decisions of this Court hold that "there is no principle in law more firmly established than that the judgment must follow and conform to the verdict or findings."

And in *Hutchins v. Davis, supra*, the opinion of *Ervin, J.*, is introduced with the declaration that "Nothing is better settled in law than the rule that in all cases tried by a jury the judgment must be supported. by and conform to the verdict in all substantial particulars," citing cases.

Indeed, in *Durham v. Davis, supra*, this headnote epitomizes the decision of the Court: "The judgment in an action must correspond with the verdict, and where in condemnation proceedings tried in the Superior Court on appeal the jury have in their verdict ascertained the damages to the owner of the land, the verdict will be presumed to include the element of interest, nothing else appearing, and it is reversible error for the trial judge to allow interest from the time the damages were determined upon by the appraisers and render judg-

ment accordingly. Revisal, sec. 1954, providing for the payment of interest on moneys due by contract, etc., has no application." Revisal 1954 is codified as C. S. 2309 and G. S. 24-5.

Applying this principle to the case in hand, the trial judge was without authority to add the provision for interest. Hence on the appeal of petitioner there is error. And the judgment will be amended by striking out the interest, and will stand only for the amount assessed by the jury, $1,450.00, with interest from the rendition of the judgment, and costs. *Durham v. Davis, supra.*

On Appeal of Respondents—No Error.

On Appeal of Petitioner—Modified and Affirmed.

PARKER, J., concurring in the result. This proceeding was instituted on 10 June 1957. As I read the Record, petitioner did not make an actual entry upon the McMillan respondents' land, and exercise dominion over it prior to the trial in the Superior Court. The taking of the McMillan land by petitioner occurred, it would seem from the judgment entered herein, immediately after the trial in the Superior Court.

This Court said in *Penn v. Coastal Corp.*, 231 N.C. 481, 57 S.E. 2d 817, quoting from 18 Am. Jur., p. 757-8: "What is a taking of property within the due process clauses of the Federal and State Constitutions is not always clear, but so far as general rules are permissible of declaration on the subject, it may be said that there is a taking when the act involves an actual interference with, or disturbance of, property rights, resulting in injuries which are not merely consequential or incidental."

There is conflict in authority as to the right to recover interest upon the judgment in condemnation proceedings taking private property for public use. Nichols' On Eminent Domain, 3rd Ed., (1953), Vol. 6 §26.64; 29 C.J.S., Eminent Domain, §333.

In the above cited section of Nichols, it is said: "The right to interest *upon* the judgment in condemnation has been held generally to depend upon statutory authorization although, even in the absence of legislative sanction, it has been said that the constitutional provision for just compensation requires the allowance of such interest. In any event, such interest has generally been allowed."

In *Winston-Salem v. Wells*, 249 N.C. 148, 105 S.E. 2d 435, a condemnation proceeding, it is held that the respondents are entitled to interest on judgment for $10,000.00 from the date of the taking until paid.

I concur in the result here that the McMillan respondents are en-

titled to interest on the judgment from the date of its rendition until paid.

In my opinion, when private property is taken under the power of eminent domain for public use, Article I, §17, of the North Carolina Constitution requires the payment of interest on the judgment until paid, for without it there is no just compensation. This constitutional prohibition against taking private property for public use without the payment of just compensation is self-executing, and neither requires any law for its enforcement, nor is susceptible of impairment by legislation. *Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290; *People ex rel. Wanless v. Chicago,* 378 Ill. 453, 38 N.E. 2d 743, 138 A.L.R. 1298; *People ex rel. Markgraff v. Rosenfield, Director of Public Works and Buildings,* 383 Ill. 468, 50 N.E. 2d 479; *State Highway Commission v. Mason,* 192 Miss. 576, 6 So. 2d 468; *Parker v. State Highway Commission,* 173 Miss. 213, 162 So. 162; *Virginia Hot Springs Co. v. Lowman,* 126 Va. 424, 101 S.E. 326; *Nelson County v. Loving,* 126 Va. 283, 101 S.E. 406; *Angelle v. State,* 212 La. 1069, 34 So. 2d 321, 2 A.L.R. 2d 666; *Schmutte v. State,* 147 Neb. 193, 22 N.W. 2d 691; *Rose v. State,* 19 Cal. 2d 713, 123 P. 2d 505; *Tomasek v. State,* 196 Or. 120, 248 P. 2d 703; *Milhous v. State Highway Dept.,* 194 S.C. 33, 8 S.E. 2d 852, 128 A.L.R. 1186; 16 C.J.S., Constitutional Law, pp. 149-150 (when Constitutional Law was in one volume of C.J.S., this was 16 C.J.S., Constitutional Law, p. 102). The sounder cases cited in Nichols and Corpus Juris Secundum in the sections above cited support, I think, my view.

In *Yancey v. Highway Commission,* 222 N.C. 106, 22 S.E. 2d 256, a taking of private property for public use, this Court held that the respondent was not required to pay interest on the judgment, because no statute authorized such payment. In my judgment, the decision is wrong, and does violence to Article I, §17, of the State Constitution, and to the 14th Amendment to the United States Constitution. See *United States v. Rogers* 255 U.S. 163, 65 L. Ed. 566. The decisions in *Winston-Salem v. Wells, supra,* and in the instant case have disemboweled the *Yancey* case without referring to it by name. I would administer the *coup de grace* to the Yancey decision by specifically overruling it.

HIGGINS, J., joins in concurring opinion.