STATE v. DAVIS.

(Filed March 8, 1904).

1. INSTRUCTIONS.

It is not essential that the exact words of a request for instructions should be given, even when correct, if substantially given.

2. INSTRUCTIONS.

Requests for instructions containing recitals not found in the evidence should not be given.

3. DYING DECLARATIONS—*Evidence—Weight of Evidence—Experts.*

The weight of dying declarations and the credibility of testimony of medical witnesses in relation to the condition of the deceased at the time of making dying declarations are questions for the jury.

4. ARGUMENT OF COUNSEL—*Judge—Exceptions and Objections—Appeal.*

An objection to a statement of the trial judge of the contention of the state, such argument having been used by the solicitor and not objected to, cannot be made for the first time on appeal.

5. INSTRUCTIONS—*Jury.*

A recommendation by the trial judge to the jury not to consider the case until the next morning is not error.

INDICTMENT against Frank Davis, heard by *Judge George H. Brown* and a jury, at November Term, 1903, of the Superior Court of LENOIR County. From a verdict of murder in the first degree, and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*T. C. Wooten* and *Shepherd & Shepherd,* for the prisoner.

CLARK, C. J.  The prisoner was convicted of murder in the first degree. The first, second, fourth and eighth prayers for instructions asked by the prisoner were given. The third prayer, "that the dying declarations of the deceased should be received with caution and care, for the reason there being no cross-examination before the jury of the declarant," was given, merely substituting "should be carefully weighed and considered" in lieu of the words "should be received with caution and care." We find no error in the modification. It is not essential that the exact words of the prayer should be given, even when correct, if substantially given. *State v. Hicks,* 130 N. C., 710. Here the substituted phrase was more proper than that asked, and is in accordance with the rule stated, 1 Bishop New Cr. Pr. (4 Ed.), p. 743, section 1216.

The fifth and sixth prayers were properly refused because containing recitals not found in the evidence. *Harris v. Railroad,* 132 N. C., 160.

The only other prayer, the seventh, was "that in no event can the jury find the prisoner guilty of the crime set out in the indictment under all the evidence in this case." This was properly refused. The dying declarations were coherent and made to several persons, and if believed were explicit as to the guilt of the prisoner. There was also other evidence, though it may be that in the absence of the dying declarations and the identification of the prisoner by the deceased as the man who shot him, the jury might not have convicted.

The prisoner's counsel insisted that the testimony of one of the physicians as to the condition of the dying man and its probable effect upon his memory would justify the Court in setting aside the dying declarations. The other physician testified that when the declarations were made to him the deceased was in his right mind. The credit to be given

STATE *v.* DAVIS.

to the physician's testimony and opinion, as well as the weight to be given to the dying declarations, was a matter solely for the triers of the fact, the jury. This Court can review only the rulings of the Court below upon the law.

The prisoner further excepts that in summing up the contention for the State his Honor said "the State contends that Frank Davis might have had his shoes hidden in the woods, and that he might have put on his shoes, stood behind the stump and shot Pate, then removed the shoes and returned home barefooted, and that this might have been a mere subterfuge." The Court was stating and arraying the contentions of both sides. It is not denied that this argument had been used by the Solicitor and had not been objected to. The prisoner could not let it pass unobjected to when made in the argument, and again keep silent when repeated by the Court as one of the contentions of the State, and then ask a new trial by an exception to the recital of the contention made for the first time in the statement of the case on appeal. *State v. Tyson,* 133 N. C., 692. The object of all criminal trials is a just and strict enforcement of the law by the conviction of the guilty, with such care for the rights of the accused that the innocent may be protected. But this does not permit the accused and his counsel to be silent in face of what they may deem prejudicial, and when it might be corrected by the Judge (if erroneous) by objection taken in apt time. Besides, in this case, while there was no evidence to the exact purport of the contention of the State, it was not an unfair or unreasonable argument upon the testimony. The Solicitor stated it merely as an inference—"might have"—from the testimony, and the jury could not have misunderstood it.

The only other exception is to the recommendation of the Court to the jury, doubtless given at a late hour and after a long and fatiguing session, not to consider the case till

next morning, and is without merit. It is not shown that it prejudiced the prisoner in any way, nor can we see that it was likely to do so.

No Error.