ROBERT PHIFER v. COMMISSIONERS OF CABARRUS COUNTY.

(Filed 22 November, 1911.)

1. Condemnation—Damages—Special Benefits—Offsets.

In awarding damages against a county for constructing a public road over private property, the owner is compensated for the taking of the property for public use when the benefits he will receive are equal to the value of the land taken.

2. Same — Legislative Authority — Vested Rights — Constitutional Law.

The Legislature has the constitutional authority to provide that the special benefits to be derived to the owner of lands over which a county constructs a public road shall be an offset against damages sustained by the owner in having his lands thus taken for public use; and this requirement can be changed by the Legislature at any time before the rights of the parties are settled and vested by verdict and judgment.

3. Condemnation—Damages—Special Benefits—Offsets.

Only those benefits which are special to the owner of lands taken by the county in constructing a public road across them can be considered as an offset to the damages claimed by him, and not such as he shares with other persons in similar circumstances, unless the statute provides differently.

4. Same—Speculative Damages—Evidence.

In this action against the county for damages to plaintiff for taking his lands in the construction of a road across them, evidence was competent that the value of the lands would be increased because of the special benefits thus to be derived by the owner, and not objectionable as being speculative or remote.

5. Instructions, Correct in Part—Appeal and Error.

A prayer for special instruction which in part correctly states a proposition of law, and incorrectly applies them to the matters in evidence, is improper, and should be refused.

BROWN and WALKER, JJ., dissenting.

APPEAL by plaintiff from *Biggs, J.,* at May Term, 1911, of CABARRUS.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Montgomery & Crowell for plaintiff.*
*L. T. Hartsell and H. S. Williams for defendant.*

CLARK, C. J. This proceeding was begun before the clerk to assess the damages caused to plaintiff's lands by opening a public road through them, and was tried on appeal in the Superior Court.

The plaintiff owned about sixty acres of land about three-fourths of a mile from the town of Concord. There were al-

ready two public roads through it before the defendant built this road. There is no exception except to the refusal of two prayers to instruct the jury and one for an instruction given—all three in reference to the nature of the special benefits to which his Honor told the jury that they must restrict the deductions to be made from the damages which they might find the defendant's land had sustained. The jury found in response to the only issue submitted that the damages sustained to the land by reason of the road being laid out over it were not greater than the benefits which the plaintiff had received therefrom.

In *Miller v. Asheville,* 112 N. C., 768, the Court said: "All the landowner can claim is that his property shall not be taken for public use without compensation. Compensation is had when the balance is struck between the damages and benefits conferred on him by the act complained of. To that, and that alone, he has constitutional and vested right. The Legislature in conferring upon the corporation the exercise of the right of eminent domain can, in its discretion, require all the benefits, or a specified part of them or forbid any of them, to be assessed as offsets against the damages. This is a matter which rests in its grace, in which neither party has a vested right, and as to which the Legislature can change its mind always before rights are settled and vested by a verdict and judgment."

But in *Bost v. Cabarrus,* 152 N. C., 536, the Court held that the statute now before the Court was different from that in *Miller v. Asheville,* and that the general rule in condemnation proceedings applied. The judge therefore properly charged the jury that they should "deduct from the damages only those benefits which are special to the owner and not such as he shares in common with other persons in similar circumstances." But in fact there was no evidence of benefits to the land which was common to others similarly situated. There were no others similarly situated.

The first prayer for instruction was: "The jury in considering the special benefits are not permitted to consider the evidence that the land is near town and may be cut into small lots of 100 feet front and sold, because that is not evidence of

special or peculiar benefits contemplated by the statute which is not common to others similarly situated." This was properly refused. This was a special benefit to this particular land, not common to the neighborhood, because the road made a front on each side which would enable the plaintiff to sell lots, a benefit which would not accrue to land in the neighborhood off the road. Besides, evidence to the above effect had been introduced by both parties without objection.

The second prayer was to instruct the jury "that the fact that said property could be cut into lots and sold is what the law calls speculative benefits, which may or may not accrue to the owner, and the jury will not consider any speculative benefits or damages in this case." The last paragraph of the prayer was correct, but the court was not required to give it, since the instruction asked, as a whole, was faulty. The fact that property could be cut into lots and sold was in evidence and a proper matter for consideration by the jury in estimating the benefits accruing to the plaintiff. This was not speculative, but practical.

The last exception is because the judge in arraying the contentions of the parties recited a contention of defendant's counsel which he had made to the jury without objection on the part of the plaintiff. It is too late to object to it after verdict. *S. v. Tyson,* 133 N. C., 692; *S. v. Davis,* 134 N. C., 635.

No error.

BROWN, J., dissenting: I am of opinion that the benefits permitted to be considered by the jury as inuring to plaintiff's land are entirely too remote and speculative. His land is occupied by the plaintiff as a residence and is situated some three-fourths of a mile beyond the boundaries of Concord and is on two public roads. The third road that has been cut through it takes six acres of it. The possibility of the plaintiff being able to cut up his property and sell it off in town lots is problematical and entirely too remote to be considered.

Again, I think the benefits that should be considered are those which naturally accrue to the land in the condition it is in and the uses to which the owner puts it. I don't think the

plaintiff should be compelled to sell his home in order to endeavor to realize these highly uncertain profits from sale of town lots.

MR. JUSTICE WALKER concurs in this opinion.