## STATE v. JACK REED.

(Filed 3 June, 1921.)

1. **Appeal and Error—Objections and Exceptions—Contentions.**

   Objection to statement of the contention of a party by the trial judge to the jury must be taken at the time, or some request for other or more specific instructions, for an exception to be considered on appeal.

2. **Appeal and Error—Instructions—Expressions of Opinion—Recollection of Evidence.**

   The statement of the trial judge to the jury, in his instructions, of his recollection of the evidence cannot alone be held as the expression of his opinion thereon prohibited by statute.

APPEAL by defendant from *McElroy, J.,* at January Term, 1921, of BUNCOMBE.

The defendant was tried and convicted on a bill of indictment which charged the possession of liquor for an illegal purpose and transporting the same, and from the judgment upon such conviction he appealed to this Court. The defendant introduced no evidence. The State's evidence tended to show that the defendants went out from Asheville in search of liquor and that somewhere near Bridgewater, in Burke County, they secured five kegs of corn whiskey, paying for the same $365; that they brought it back in the direction of Asheville, reaching Oteen, about five miles from Asheville, when their car broke down; that Reed came to town, secured another car and a mechanic named George Bryant, and went out to where his broken-down car was; that while there they transferred the liquor from Reed's car to the one which he had hired and brought it to a point nearer Asheville where it was again removed and hidden. From information which the officers received they went out to this place and found two kegs, apparently fifteen gallons each, which they seized, brought to town, and had present in court at the trial.

*James S. Manning, Attorney-General, and Frank Nash, Assistant Attorney-General, for the State.*

*Judge J. D. Murphy, W. P. Brown, and J. Scroop Styles for defendant.*

STEED *v.* LUMBER CO.

PER CURIAM. The evidence of the guilt of the defendant is plenary.

The exceptions relate to a statement of the contentions of the State and the defendants, and to alleged expression of opinion on the facts.

It is stated in the record that the contentions of the defendant were based on and taken from the argument of his counsel to the jury, and no objection was made or exceptions taken to the contentions given at the time the charge was delivered, neither was there any request from counsel for other or more specific instructions.

This disposes of the exceptions to the statement of the contentions, as such objection must be made at the time to afford the judge an opportunity to correct any error. *Phifer v. Comrs.,* 157 N. C., 150.

We find no expression of opinion on the facts in the charge. When the judge said, "Reed and Eller, I believe, got out and went up to that house," he was simply giving his recollection of the evidence, and he stated it correctly.

There is nothing in the record that will justify disturbing the verdict.

No error.