CITY OF STATESVILLE, A MUNICIPAL CORPORATION, v. THOMAS H. ANDERSON.

(Filed 12 December, 1956.)

**1. Eminent Domain § 10—**

　　Where a part of a tract of land is condemned, the owner is entitled to recover compensation for the part taken and compensation for injury to the remaining portion, and thus receive as compensation the difference between the fair market value of the entire tract before the taking and the fair market value of the remaining land immediately after the taking, to be offset by general and special benefits when applicable under the controlling statute.

**2. Same: Eminent Domain § 18e—**

In a proceeding by a municipality to condemn a narrow strip from defendant's land for street and sidewalk purposes, it appeared that the line ran through a house on the property. The applicable statute provided that title should vest in the city when it paid the compensation awarded. *Held:* In the absence of evidence by the city showing that defendant would have the right to remove the house and the cost and feasibility of removal, an instruction to the effect that the damages should be diminished by the value of defendant's right to remove the house, must be held for prejudicial error.

**3. Eminent Domain § 18b—**

While defendant in condemnation proceedings has the burden of establishing by competent evidence the damage he will sustain by reason of the taking, the burden is on petitioner to show matters in diminution of damages by reason of defendant's right to remove structures from that part of the land condemned.

**4. Eminent Domain § 9—**

Where land is condemned for sidewalk and street purposes, the possibility of the later abandonment of the easement is ordinarily too speculative and conjectural to be considered in diminution of damages.

JOHNSON, J., not sitting.

APPEAL by defendant from *Johnston, J.,* February Term 1956 of IREDELL.

This is a proceeding to acquire by condemnation a right of way across lands of defendant adjacent to the west side of North Race Street in order to widen the street and provide a sidewalk. The petition specifically describes the land to be acquired, asserting the area involved is nine-tenths of an acre.

Defendant in his answer admits he owns a tract of land which includes the area described in the petition. He alleges the area taken is in excess of an acre and further alleges: "to widen North Race Street all on the West side of said street as proposed, will undermine and destroy the usefulness of a dwelling, located on said property, and the defendant will be compelled to move the house at great expense or demolish it."

Commissioners were appointed to determine the amount of compensation to which defendant was entitled. They made a report to the clerk. He approved the report and rendered judgment, directing payment of the amount reported. Plaintiff and defendant each excepted and appealed to the Superior Court.

Defendant's land abuts on Race Street approximately 1650 feet. The tract contains about thirty-six or thirty-seven acres. Situate on this tract is a dwelling facing Race Street. The western line of the

area described in the petition and to be acquired by plaintiff runs through the house.

The jury, under instructions from the court, assessed defendant's damages. Judgment was entered in conformity with the verdict, and defendant excepted and appealed.

*Baxter H. Finch and R. A. Hedrick for petitioner appellee.*

*Scott, Collier & Nash and Land, Sowers & Avery for respondent appellant.*

RODMAN, J. The only issue for determination by the jury was the amount of compensation to which defendant was entitled.

The court instructed the jury: "Now, members of the jury, the court instructs you that under the estate sought to be acquired by the plaintiff that the defendant would have the right at any time prior to the asserting of the easement acquired to remove from the premises the house that has been described as being on the property, or being on the line of the property. The court instructs you that at any time prior to asserting the rights sought to be acquired by the plaintiff that the defendant would have the right to use this property for any purpose not inconsistent with the purposes for which the right is acquired by the plaintiff."

The court further instructed the jury: "Now the court instructs you that you will answer the first issue in such an amount and in only such an amount as the defendant has satisfied you that he will be damaged by this taking, that is, you will answer it in such an amount as you will arrive at, determining the fair market value of the entire tract before the taking and subtracting therefrom the fair market value of the property after the taking, bearing in mind that the defendant will have the right to remove the house from the tract to be taken but that he would be under no obligaion or duty to do so."

In other parts of the charge the jury was advised "that the defendant would have the right to remove the house, but that he would be under no obligation to do so."

Defendant noted exceptions to the charge and assigned these exceptions as prejudicial error. Defendant's exceptions are well founded. The measure of damages when a portion of a tract of land on which there is situate, in whole or in part, a building was stated with clarity in *Proctor v. Highway Commission*, 230 N.C. 687, 55 S.E. 2d 479. What was there said was repeated in *Highway Commission v. Black*, 239 N.C. 198, 79 S.E. 2d 778. We quote from that opinion: "Where only a part of a tract of land is appropriated by the State Highway and Public Works Commission for highway purposes the measure of damages in such proceeding is the difference between the fair market value

of the entire tract immediately before the taking and the fair market value of what is left immediately after the taking. *The items going to make up this difference embrace compensation for the part taken and compensation for the injury to the remaining portion,* which is to be offset under the terms of the controlling statute by any general and special benefits resulting to the landowner from the utilization of the property taken for a highway." Amplification would not add clarity to the rule so definitely stated.

The record in this case does not describe in any detail the building affected by the acquisition. It does appear from the testimony of the witness Stafford that the building must be moved. He testified that the area to be acquired varies from seventeen to twenty-nine feet in width. He estimated an average width of nineteen to twenty feet. He said: "in order to obtain the width of 17 to 25 feet on the western side of North Race Street it would go through the tenant house; and that the tenant house should be taken away and moved." Plaintiff's other witnesses, testifying about the building, merely placed a value of about $1,000 on the house. Evidence for defendant tends to fix the value of the house at $2,500. The only other evidence with respect to the house is that it "has three excessive big rooms, two porches, underpinning, and is in extremely good condition . . ."

This proceeding is under the charter of the City of Statesville, c. 243, P.L. 1911. That Act provides that title shall vest in the city when it pays the compensation awarded. Hence the city has the right to possession at the moment it pays the amount fixed by the jury. A narrow strip of land is being condemned. Its maximum width is twenty-nine feet. The city is acquiring it to widen the street and construct a sidewalk. The undisputed testimony is that the building must be moved to accomplish that purpose. It may be reasonably assumed that the city will act promptly in taking possession. Otherwise there would be no reason for condemning defendant's land.

What credit under the instruction should the jury properly allow (1) for the right to remove the house and (2) the right of defendant "to use this property for any purpose not inconsistent with the purposes for which the right is acquired by plaintiff"? The court did not instruct the jury that the plaintiff could immediately upon the ascertainment of the damages take possession by paying into court the amount awarded. It did not fix any time within which removal could be effected, nor did it lay down any rule to guide the jury in measuring this right of occupancy or right of removal. Not only did the court not give the jury any rule by which to measure the rights which it said the defendant had, but there was no evidence on which he could formulate any rule. What would it cost to move the building? How far would it be necessary to move it? What was the method of construction and

how would this relate to the feasibility of moving the building? All of these are material factors as well as the time element in measuring the rights which the jury were advised could be used to diminish defendant's damages. Under the factual situation presented by this case we are of the opinion that these rights, like the value which may attach to the possibility of the abandonment of a right of way, are too minute and conjectural to measure, and that the correct rule to apply is as we have quoted from *Highway Commission v. Black, supra.*

Defendant has the burden of establishing by competent evidence the damage he will sustain by the act of the plaintiff. The jury will not be permitted to base their verdict on a speculation, *Lieb v. Mayer,* 244 N.C. p. 613, nor can defendant's damages be diminished by ascribing to him rights which have not been shown by the evidence to be of value.

New trial.

JOHNSON, J., not sitting.