CITY OF WINSTON-SALEM v. HAROLD E. PARKER AND WIFE, ROSA W. PARKER; R. E. GOODALE, TRUSTEE; ADDIE MAYE TUTTLE; MODERN CHEVROLET COMPANY AND R. D. BOYER PLUMBING CO., INC.

No. 7421SC9

(Filed 6 February 1974)

Eminent Domain § 5; Trial § 11— condemnation — just compensation — prejudicial jury argument

The well established measure of damages in an eminent domain proceeding in N. C. is the difference in the fair market value before and after the taking of the property by the sovereign; thus, the desire

City of Winston-Salem v. Parker

of the landowner to part with the property is irrelevant to the issue of just compensation, and jury argument by defendants' counsel with respect to such matters was prejudicial to plaintiff.

APPEAL by plaintiff from *Wood, Judge,* 9 April 1973 Civil Session, FORSYTH County Superior Court. Argued in the Court of Appeals 15 January 1974.

Defendants own a tract of land containing 7674.26 square feet, located at the southeast intersection of Academy Street and Hawthorne Road in the City of Winston-Salem. On 4 December 1972, the City of Winston-Salem initiated a condemnation proceeding to acquire a triangular portion of defendants' property. The subject property contains 419.22 square feet and was the portion of the lot situated on the northwest corner, i.e., adjacent to the intersection.

By consent order, all issues were resolved except the just compensation to be paid for the taking of the property. The case was heard on the issue of just compensation by Judge Wood, sitting with a jury.

Defendants offered the testimony of L. C. McClenny, an expert in the field of real estate, to the effect that the property would be damaged in the amount of $11,564 if the triangular area were taken for intersection improvements. The expert witnesses for the City, Michael D. Avent and W. R. Weir, Jr., fixed the damage at $750 and $1,240, respectively. In addition, City Engineer Harold Bolick gave testimony concerning the effect of the proposed improvements on the property.

In rebuttal, defendant Harold E. Parker testified to the condition of the property and the duplex located thereon.

The jury found that defendants were entitled to recover $4,000 from the City. From the signing and entry of judgment, plaintiff, the City of Winston-Salem, appealed.

*Womble, Carlyle, Sandridge and Rice, by Roddey M. Ligon, Jr., for plaintiff appellant.*

*White and Crumpler, by James G. White, for defendant appellees.*

MORRIS, Judge.

Plaintiff presents numerous assignments of error. Although we have considered all of them, we limit our discussion to only one of the assignments of error.

It is plaintiff's contention that the trial court erred in allowing counsel for defendants to make arguments to the jury which were intended to persuade them to render a favorable verdict for reasons other than the evidence with respect to the value of the property before and after the taking. In addition, plaintiff maintains that portions of the jury argument were based on matters on which there had been no testimony and which were intended solely to prejudice the jurors against the City. Plaintiff interposed several objections to portions of the argument and contends that the court committed prejudicial error in failing to sustain the objections. We agree.

The impact of defendants' jury argument could not have been harmless. We do not quote the lengthy portions to which plaintiff objected, but the implication is unmistakable that the City has grievously injured a landowner who did not wish to part with part of his property, and that the City has expended an inordinate amount of time and effort in insuring that defendants be treated unfairly and compensated inadequately.

The well-established measure of damages in an eminent domain proceeding in North Carolina is the difference in the fair market value before and after the taking of the property by the sovereign. *Glace v. Pilot Mountain*, 265 N.C. 181, 143 S.E. 2d 78 (1965); *Statesville v. Anderson*, 245 N.C. 208, 95 S.E. 2d 591 (1956). Thus, the desire of the landowner to part with the property is irrelevant to the issue of just compensation —the only issue of fact in the hearing below.

While counsel is allowed wide latitude in arguing his case to the jury, it is error for the trial court to allow him to argue matters not justfied either factually or legally by the evidence. *Jenkins v. Hines Co.*, 264 N.C. 83, 141 S.E. 2d 1 (1965). Counsel for defendants has gone far afield of the facts in evidence and the law regarding the measure of compensation at issue.

While we might not, in this case, consider the argument of counsel sufficiently prejudicial standing alone to warrant a new trial, when it is coupled with the most favorable stress placed by the court on defendants' contentions, we are of the opinion that appellant is entitled to a new trial.

New trial.

Chief Judge BROCK and Judge CARSON concur.