City of MULBERRY *v.* P. Poe SHIPLEY et ux

74-18                                    509 S.W. 2d 536

Opinion delivered May 28, 1974

*Jeta Taylor* (Deceased) and *Ralph Robinson,* for appellant.

*N. D. Edwards* and *Lonnie Batchelor,* for appellees.

CARLETON HARRIS, Chief Justice. Appellant, City of Mulberry, instituted a condemnation suit in the Circuit Court of Crawford County, condemning 13.4 acres in fee, 2.4 acres in highway right-of-way easements, and a 40 acre flowage easement, all out of appellees' 100 acre tract. The sum of $6,460 was deposited in the registry of the court as estimated just compensation for the taking, but the landowners, answering, alleged that the deposit was insufficient. Thereafter on trial, the jury returned a verdict of $18,400, and from the judgment entered in accordance with such verdict, appellant brings this appeal. For reversal, four points of alleged error are asserted which we proceed to discuss in the order listed.

It is first alleged that the trial court erred in refusing to exclude the testimony of Robert Gelly, a witness on behalf of appellees. This witness qualified as an expert in land appraisals, and was a resident of Crawford County. His testimony established his general familiarity with the property in the area, but he did not list any comparable sales in reaching his before and after value figures. Gelly stated that the fair market value of the property before the taking was $32,500; the after value was $11,650, and the witness concluded the property had been damaged to the extent of $20,850.[1] On cross-examination, no questions were asked Gelly relative to comparable sales, and on re-direct examination, Gelly was asked to list two or three of the comparable sales that he used in reaching his values. Counsel for appellant then asserted that this was not proper re-direct examination and the court inquired if appellees desired to ask the witness about comparables. Appellees' counsel replied, "Not particularly, but Mr. Robinson objected and I assume that's the basis of his objection. We had no reason not to ask him. He has them." Appellant then moved to strike Gelly's testimony in that he had not shown any fair and reasonable

---

[1] He did not include improvements in reaching his values.

basis for his before and after value and the damages. The court held that Gelly had qualified as an expert and had a right to testify relative to his opinion of damages and that the matter, if deemed important by appellant, could have been inquired about during cross-examination. Counsel for appellees then stated that he was prepared and willing for the witness to list his comparables and had attempted to do so but appellant objected. We find no error for two reasons. In *Arkansas Highway Commission* v. *Duff*, 246 Ark. 922, 440 S.W. 2d 563, we said:

> "Appellant contends that the testimony of Mr. Charles Owens, an expert value witness called by appellees, did not constitute substantial evidence because he never did give the values of comparable sales used by him in arriving at his value testimony in dollars and cents, although he admitted that some of the sales upon which he based his valuations were of more valuable property than the property of appellees. Appellant admits that this witness qualified as an expert on real estate values in the area. He also showed his familiarity with the property in question. Under these circumstances he was not required to state the facts or reasons forming the basis for his opinion in order to render his opinion as to value admissible. [Citing cases]."

In the next place, appellees did offer to list the comparable sales but appellant apparently was unwilling for this to be done.

It is next asserted that the trial court erred in refusing to instruct the jury on enhancement and in refusing to give appellant's requested instruction which would have presented this theory of the case to the jury. There was brief testimony by J. R. Battenfield, a witness for the city, to the effect that Shipley had a dust problem from the present road, and the new road to be constructed in a different location would relieve such dust problem; it is argued that the removal of this problem enhanced the value of the remaining portions of the tract. There was also testimony by A. J. Standiford, an expert offered by the city, to the effect that the new road "might open up some more of his land with a better road so he might have a better deal." The witness, however, did not know the location of the right-of-way, and said that it

had not been "staked out." We think the testimony was too meager to justify an enhancement instruction and in fact there was no evidence as to how much the property would be enhanced, if at all.

It is also asserted that the location of the road was changed at the request of Mr. Shipley; that this necessitated removing a barn on the Shipley property, and that Shipley, because the change had been made at his request, was not entitled to recovery of the cost of removal. We find no testimony in the record by any witness including removal of the barn as damages incurred by Shipley, nor were there any figures relating to the cost of such removal. Mac Bolding, an appraiser on behalf of appellees, stated that he added the value of the improvements in appraising the property, but took the improvements out at the same figure. Accordingly, the instruction was abstract and there was no error in refusing to give it.

It is finally asserted that there is no substantial evidence to support the verdict, which appellant contends was grossly excessive. Under this point, it is asserted that the sales used by Bolding were not comparable, and that he, in effect, "by passed" sales of land which were comparable to the Shipley property. It is true that witnesses for appellant mentioned sales which were not testified to by Bolding, and which might have been considered more comparable, but this was a matter for the jury to determine, since they heard the witnesses for both sides. There was no motion to strike any of Bolding's testimony, nor any motion to strike the values he reached. Accordingly, the trial court was not requested to declare, as a matter of law, that his testimony fell short of that legally required. We have already said that the testimony of Gelly, as an expert, was admissible and it follows that there is no merit under this point.

Affirmed.