CITY OF MULBERRY *v.* E. L. EDWARDS et ux

74-73                                        511 S.W. 2d 468

Opinion delivered July 15, 1974

*Jeta Taylor* and *Ralph W. Robinson*, for appellant.

*N. D. Edwards* and *Lonnie Batchelor*, for appellees.

CARLETON HARRIS, Chief Justice. The City of Mulberry filed a condemnation complaint against certain lands belonging to E. L. Edwards[1] and wife in Crawford County. According to the judgment, one 40-acre tract was taken; approximately 9.2 acres of another 40-acre tract, and a flowage easement containing 14.92 acres were also included in the taking. On trial, the jury found damages in the amount of $33,900 and from the judgment entered in accordance with the verdict, the City brings this appeal. The first three points for reversal all deal with the same contention and will be discussed together, such contention relating to alleged payments to be received by appellees from the Soil Conservation Service as contributions for the relocation of improvements on the Edwards' property. Bobby Gelly, an expert witness on behalf

[1] Mr. Edwards died after the commencement of the action but prior to the trial and the cause was revived in the name of the widow and heirs.

of appellees, in estimating damages to the Edwards' property, included the value of the Edwards' home at $12,432.00 and estimated the value of outbuildings that would be destroyed at about $1,500.00. Out of the presence of the jury, counsel for appellant stated that he desired to ask the witness "if he knows whether or not the Soil Conservation Service reached an agreement with Mr. E. L. Edwards and his wife during his lifetime, but they would claim his relocation expenses and under the agreement Mr. Edwards was to build him a new house further east near the highway and would pay him something like Twenty-Three Thousand Dollars for his relocation expenses, and the reason he has not been paid is the state has not been paid that money because they were waiting for this condemnation suit to be tried. And that's what I want to ask him." After a long discussion, the court held that the question could not be asked. Counsel for appellant sought to propound a similar question to Mac Bolding, another expert witness on behalf of appellees, but this was also overruled. Following the noon recess, the court met with the attorneys in chambers, at which time counsel for the City stated:

> "The plaintiff, City of Mulberry, Arkansas, offers to prove by the witness Bufford Polk, area Conservationist of the United States Soil Conservation Service, that has jurisdiction in Crawford County, Arkansas, that in the case of the City of Mulberry against E. L. Edwards and his wife, that the Soil Conservation Service would make available to the City of Mulberry Arkansas, approximate sum of Twelve Thousand Three Hundred Dollars to pay on the relocation expense of Mr. and Mrs. E. L. Edwards ***of approximate same quality that they had prior to the time that the City of Mulberry condemned their land on October the First, Nineteen Hundred and Seventy-One, and this relocation expense was provided in Unified Relocation Law passed by Congress in 1970 or '71."

It will be observed that counsel had backed off from the original contention, *viz*, that money would be paid by the Soil Conservation Service directly to appellees, and contended that the money (though a different amount) would be paid to the City of Mulberrry. Counsel for appellees responded that

whatever the Soil Conservation Service paid to the City of Mulberry was between those two entities and that appellees were looking to the City for compensation since their property had been condemned by the City. The court held that the condemnation proceeding had been brought by the City; that it was responsible for any damages the jury might find the landowner entitled to recover and the testimony would be inadmissible, adding that if any money were paid to the City, "then at that time the court can pass upon it***."

. The court's ruling was correct. This litigation was between the City and appellees and what the Soil Conservation Service might or might not pay to the City of Mulberry in the future on the relocation expense of appellees was not an issue.

It is next contended that there was no substantial evidence to support the verdict and that it was grossly excessive, it being the view of appellant that witnesses Gelly and Bolding did not give a satisfactory explantion of how they arrived at their conclusions as to damages. It is asserted that they ignored sales in the immediate area and used other sales not in the immediate area in arriving at their valuations.[2]

Our comment in *City of Mulberry* v. *Shipley*, 256 Ark. 635, 509 S.W. 2d 536 (May 28, 1974), is, we think, apropos to the present argument. ·

"It is finally asserted that there is no substantial evidence to support the verdict, which appellant contends was grossly excessive. Under this point, it is asserted that the sales used by Bolding were not comparable, and that he, in effect, 'by passed' sales of land which were comparable to the Shipley property. It is true that witnesses for appellant mentioned sales which were not testified to by Bolding, and which might have been considered more comparable, but this was a matter for the jury to determine, since they heard the

[2]In Gelly's opinion, the before the taking value was $61,000, and his after the taking value was $26,320, or damages in the amount of $34,700. Bolding's before taking value was set at $50,000, the after taking value at $22,560, or damages in the amount of $35,440. Two expert witnesses on behalf of the City fixed damages at $14,625 and $14,844, respectively.

witnesses for both sides. There was no motion to strike any of Bolding's testimony, nor any motion to strike the values he reached. Accordingly, the trial court was not requested to declare, as a matter of law, that his testimony fell short of that legally required."

Here, again, there was no motion to strike any of the testimony of either Gelly or Bolding, [3] nor was there any objection made as to the value figures given by the witnesses. In other words, the substantiality of their testimony was not questioned. As to excessiveness, the verdict was within the amounts set by the witnesses, and we are in no position to substitute our judgment for that of the jury.

Affirmed.

[3]Amond Edwards, a son of Mr. and Mrs. Edwards, 58 years of age, and who, upon his father's death, became one of the owners of the property, testified that he lived with his parents until the time of his marriage, and was thoroughly familiar with the lands taken. On the basis of before and after values. he fixed damages at $38,000.