NORTH CAROLINA BOARD OF TRANSPORTATION v. W. R. RAND AND WIFE, ELIZABETH P. RAND; GEORGE F. LATTIMORE, JR. AND WIFE, HELEN T. LATTIMORE

No. 20

(Filed 5 March 1980)

1. **Eminent Domain § 6.8— general and special benefits defined**

    With respect to condemnation cases, general benefits are defined as those which are enjoyed not only by the property in litigation, but also by other neighboring tracts, while special benefits are defined as those peculiar to the property in litigation.

2. **Eminent Domain § 6.8— general and special benefits—distinction unnecessary —burden of proof**

    The distinction between general and special benefits in road condemnation cases is unimportant when G.S. 136-112(1) applies to the proceedings, since that statute provides that consideration should be given to any special or general benefits resulting from the taking, but the burden of proving the existence and the amount of benefit is on the condemnor.

3. **Eminent Domain § 7.8— highway condemnation—general and special benefits—instruction required**

    In a highway condemnation action testimony by plaintiff's witness, an expert real estate appraiser, that the value of defendants' land was increased by the taking because a roadway fronting the property was paved and stating the dollar value of the land before taking and the dollar value after taking was sufficient evidence of benefit to require the trial court to instruct on this issue; furthermore, a paraphrase of the law of benefits contained in the trial court's statement to the jury of plaintiff's contentions was insufficient to satisfy the requirement of G.S. 1A-1, Rule 51(a) that the trial judge declare and explain the law arising on the evidence, and plaintiff was not required to request an instruction on benefits.

ON motion for discretionary review of a decision of the Court of Appeals, 42 N.C. App. 202, 256 S.E. 2d 299 (1979), affirming a condemnation award entered by *McLelland, Judge,* at the 10 April 1978 Session of Superior Court, WAKE County.

Plaintiff instituted this condemnation proceeding against approximately .87 of an acre of defendants' land in 1974. The land was needed to pave soil-and-gravel State Secondary Road 1831, known as the Old Creedmoor Road, in northern Wake County. Prior to trial, the parties stipulated the only issue to be determined was the amount of compensation plaintiff owed defendants for the taking.

At trial, defendants introduced testimony tending to show that the value of their land after the taking diminished in an amount ranging from $45,000.00 to $54,300.00. Defendants and their witnesses stated that this diminution was primarily due to the periodic flooding of some 15 acres of land and resulting inaccessibility to a further 25 acres caused by plaintiff's elevation of the level of the roadbed and placement of certain culverts and ditches.

Plaintiff's evidence sharply conflicted with defendants' and tended to show that after the taking and paving, the value of defendants' land was enhanced, not diminished. Plaintiff's witness Frank Gordon, an expert real estate appraiser, testified that he had made a comparison between defendants' land value before the taking and sales of similar properties in that general neighborhood along paved roads. Based on this study of similar properties, it was his opinion that the fair market value of the land prior to the taking was $280,150.00, and after the taking was $386,925.00, a gain in value of some $106,775.00. In his opinion, the property benefited as a result of the paving.

This witness further testified that according to a 1970 Wake County Soil Survey, approximately 15 acres of the tract were classified as alluvial, which is in essence soil subject to flooding. This survey was conducted four years prior to the institution of this suit.

In his charge to the jury, the judge instructed on the measure of damages to apply but gave no instruction as to the law of benefits in condemnation actions. He did, however, include

in the jury charge that plaintiff contended the defendants' land value was enhanced by the taking. The jury returned a verdict of $25,000.00 for the defendants.

On appeal to the Court of Appeals, the plaintiff challenged the sufficiency of the jury charge and argued that an instruction on benefits should have been given. The Court of Appeals upheld the jury charge, stating that the instruction was sufficient, first, because evidence as to any benefit was too speculative and hypothetical to warrant an instruction, and second, even so, the instruction was adequate on the issue of benefits when construed as a whole.

This Court allowed motion for discretionary review on 6 November 1979.

*Attorney General Rufus L. Edmisten by Special Deputy Attorney General James B. Richmond for the plaintiff appellant.*

*William P. Few, Hatch, Little, Bunn, Jones, Few & Berry, for the defendant appellee.*

CARLTON, Justice.

At issue in this condemnation case is the sufficiency of a jury charge which did not include an instruction on general or special benefits where plaintiff's evidence tended to show such benefits existed. We hold that the jury charge was inadequate and therefore reverse the Court of Appeals.

It is well settled in this State that where only a portion of a tract of land is appropriated by the Board of Transportation for highway purposes,

the measure of damages in such proceeding is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of what is left immediately after the taking. The items going to make up this difference embrace compensation for the part taken and compensation for injury to the remaining portion *which is to be offset under the terms of the controlling statute by any general and special benefits resulting to the landowner from the utilization of the property taken for a highway.* (Emphasis in original.)

*Kirkman v. State Highway Commission*, 257 N.C. 428, 432-33, 126 S.E. 2d 107, 111 (1962); *Proctor v. State Highway and Public Works Commission*, 230 N.C. 687, 691, 55 S.E. 2d 479, 482 (1949).

General benefits are defined as " 'those which arise from the fulfillment of the public object which justified the taking . . . [and] are those which resulted from the enjoyment of the facilities provided by the new public work and from the increased general prosperity resulting from such employment.' " *Kirkman, supra* at 434, 126 S.E. 2d at 112, quoting *Templeton v. State Highway Commission*, 254 N.C. 337, 118 S.E. 2d 918 (1961). Special benefits are defined as " 'those which arise from the peculiar relation of the land in question to the public improvement.' " *Kirkman v. Highway Commission, supra* at 433, 126 S.E. 2d at 112, quoting *Templeton v. Highway Commission, supra.*

[1] Although the distinction between general and special benefits is at times difficult to make, *see, e.g.,* 27 Am. Jur. 2d Eminent Domain § 367 (1966) at p. 225 and cases cited therein, the majority of cases imply a more or less geographical standard—that is, general benefits are defined as those which are enjoyed not only by the property in litigation, but also by other neighboring tracts, while special benefits are defined as those peculiar to the property in litigation. 27 Am. Jur. 2d, *supra* at § 367. Thus in *Phifer v. Commissioners of Cabarrus County,* 157 N.C. 150, 72 S.E. 852 (1911), condemned land was held to receive a special benefit when a portion was taken for road paving because it became fronted on two sides, while neighboring tracts which became fronted on only one side were presumably only generally benefited.

[2] The distinction between general and special benefits in road condemnation cases was important in this jurisdiction under former statutes which gave offset consideration only for special benefits, *see, e.g., Campbell v. Road Commissioners of Davie County,* 173 N.C. 500, 92 S.E. 323 (1917); *Phifer v. Commissioners, supra; Bost v. Cabarrus County,* 152 N.C. 531, 67 S.E. 1066 (1910). This distinction is no longer important, however, when G.S. 136-112(1) applies to the proceedings. That statute provides:

Where only a part of a tract is taken, the measure of damages for said taking shall be the difference between the fair market value of the entire tract immediately prior to

said taking and the fair market value of the remainder immediately after said taking, with consideration being given to any *special or general benefits* resulting from the utilization of the part taken for highway purposes. (Emphasis added.)

The burden of proving the existence and the amount of benefit is on the condemnor. *Kirkman v. Highway Commission, supra;* 29A C.J.S., Eminent Domain § 184 (1965).

In the case at bar, plaintiff's expert witness testified:

I went on this property on April 1 of 1974 prior to the taking. . . . I made a comparison between the subject and various other sales of similar property, in order to arrive at an opinion of the value of that property, before the acquisition. I basically did the same thing in the after condition. The comparison sales that I used in the before condition—that is when the road was a soil-and-gravel surface road—I compared sales of properties that had frontage along soil-and-gravel surface roads, and then in the after condition since the subject was a paved road, I made a comparison between it and sales of similar properties in that general neighborhood that were along paved roads.

. . . .

I have an opinion as to the fair market value of this entire tract immediately prior to the taking on October 9, 1974. That value is $280,150.00. In arriving at that figure I considered the highest and best use for this property to be residential development. That was before the taking. That $280,000.00 represented a per acre value of $1800.00 per acre. I have an opinion satisfactory to myself as to the reasonable fair market value of the tract in question immediately after the taking, October 9, 1974, that is $386,925.00.

The Court of Appeals held that this evidence of benefit was so hypothetical and speculative that an instruction on benefits was unwarranted, citing *Kirkman v. Highway Commission, supra,* and *Statesville v. Anderson,* 245 N.C. 208, 95 S.E. 2d 591 (1956).

In *Kirkman, supra,* the defendant State Highway Commission challenged the trial court's refusal to instruct on benefits in a condemnation case where the State closed a motel owner's access to

a major highway. This Court held that an instruction on benefits was unnecessary where the abstract principle of law was unsupported by *any* evidence presented at trial. We reasoned that in such a situation the result of the instruction would only be to confuse the jury. Here, however, the State *has* produced evidence of benefit to defendants' land. Such evidence should be credited with a jury instruction.

Likewise, in *Statesville v. Anderson, supra,* plaintiff sought to condemn some 17 to 29 feet of defendant's land for a road and sidewalk. This taking encompassed part of a dwelling, necessitating either its removal or demolition. The jury apparently compared the value of the property with the dwelling attached before the taking to the value of the remaining property minus the structure after the taking. On appeal, plaintiff argued that the jury should have been instructed on benefits because defendant retained the right to remove the house and the right to continue occupying it once it was moved. No testimony had been given at trial about the cost of moving the structure, the distance it would have to be moved, the construction of the building, the feasibility of moving and the time within which the moving had to be accomplished. In light of all these uncertain measures, this Court held that the benefits accruing from the right to move and continue using the dwelling were "too minute and conjectural to measure." 245 N.C. at 212, 95 S.E. 2d at 594.

Again, the situation is clearly distinguishable in the case *sub judice.* Plaintiff's witness expressly testified to the *specific amounts* he as a real estate appraiser felt that the land values had increased. Such evidence is more than mere hypothesis and speculation. If defendants felt such testimony was conjectural, despite the specific nature of this witness' opinion it was defendants' duty at trial to challenge the testimony at cross-examination. *See Templeton v. State Highway Commission, supra.* This they apparently failed to do.

Furthermore, we note that while courts in other jurisdictions have held that such ephemeral benefits as removal of a "dust problem" on a road, *see Mulberry v. Shipley,* 256 Ark. 635, 509 S.W. 2d 536 (1974) or reduction of traffic on an existing road, *see People v. McReynolds,* 31 Cal. App. 2d 219, 87 P. 2d 734 (1939) do not warrant consideration as benefits, those courts have allowed

the instruction in cases similar to the one at bar. *See, e.g., Annot.*, 13 ALR 3d 1149 at § 13 (1967 and Supp. 1979) and cases cited therein. We therefore hold that evidence of benefit here was clearly not hypothetical and speculative, and plaintiff was entitled to an instruction on this issue.

[3] The Court of Appeals, however, did not rest its decision on this point alone. In addition it held that even though the instruction had not been warranted, the jury charge construed as a whole still included a proper instruction on the question of benefits.

The trial court here charged the jury on the law of damages in condemnation actions:

> The measure of damages when a part of the land is taken is the difference between the fair market value of the entire tract immediately before the taking and the fair market value of the remainder immediately after the taking. By this formula, not only is just compensation . . . determined for the value of the land actually taken but also for any damages that might flow as a result of that taking of the remaining land.

Later, when stating the parties' respective contentions, the judge said:

> The Department of Transportation presented evidence tending to show that the fair market value of the land immediately before the taking was $280,150 and $386,920 afterwards, that the portions of the land now subject to flooding were subject to flooding before the taking; that the changes in elevation and the pavement of the dirt roadway existing prior to the taking have caused no diminution in value, but, rather, have enhanced the value of the land remaining. . . .

Nowhere did he inform the jury that the law allowed it to consider benefits when awarding damages. Indeed, nowhere did he even mention the word benefit.

Defendants argue before this Court that the statement of the plaintiff's contentions quoted above, when considered with other portions of the charge, represents a correct statement of the law

of benefits as that law applies to the condemnation case before us and therefore "cures" the omission of a specific charge on benefits in the judge's instructions on the law. We disagree.

The trial judge is required to declare and explain the law arising on the evidence given in the case. G.S. 1A-1, Rule 51(a); *Investment Properties of Asheville, Inc. v. Norburn,* 281 N.C. 191, 188 S.E. 2d 342 (1972). This rule is a continuation of the requirement contained in former G.S. 1-180, *Investment Properties v. Norburn, supra.* As such, it creates a substantial legal right in the parties, *Adams v. Beaty Service Company,* 237 N.C. 136, 74 S.E. 2d 332 (1953), and vests in trial courts the duty, without a request for special instruction, to explain the law and apply it to the evidence on all substantial features of the case. *Investment Properties v. Norburn, supra; Melton v. Crotts,* 257 N.C. 121, 125 S.E. 2d 396 (1962). A failure to do so constitutes prejudicial error for which the aggrieved party is entitled to a new trial. *Investment Properties v. Norburn, supra; Correll v. Gaskins,* 263 N.C. 212, 139 S.E. 2d 202 (1964).

The requirement that the trial court charge on a party's contentions, however, is not accorded the same substantive weight. Indeed, the trial court is not required to state the contentions of the parties at all. *In re Wilson's Will,* 258 N.C. 310, 128 S.E. 2d 601 (1962). The reason for the distinction between stating the law and stating a party's contentions in a jury charge is obvious. Contentions, submitted by the respective parties and given to the jury by the judge without major change or editing, if the evidence supports their submission, merely restate what has been each side's theory of the case and view of the facts. Contentions often, in practice, become an extension of counsel's final argument to the jury, and are no doubt viewed by the jury with the same credibility or skepticism as that final summation calls forth. In view of this, we cannot hold that a paraphrase of the law of benefits contained in the trial court's statement to the jury of the plaintiff's contentions, as happened here, is adequate to satisfy the mandate of G.S. 1A-1, Rule 51(a).

Additionally we cannot agree with defendant's assertion before us that an instruction on benefits in a condemnation case must be specially requested. While it is true that in the absence of a special request on benefits, the judge is not required to *fully*

*define* the meaning of general or special benefits or to distinguish between them, *Board of Transportation v. Jones,* 297 N.C. 436, 255 S.E. 2d 185 (1979), it is equally true that the case does not involve, as the situation *sub judice* does, a total omission in the jury charge of an instruction on the law of benefits. The requirement of a special request goes only to *elaboration* of the statement on the law of benefits, not to the actual inclusion of the statement on the law itself.

We therefore hold that the omission of an instruction on the law of benefits in the jury charge was erroneous in this case. Accordingly, the decision of the Court of Appeals is reversed and the case is remanded to that court for remand to the Superior Court of Wake County for a new trial on the issue of damages.

Reversed and remanded.