STELLA E. PENN; E. S. PENN and Wife, BERNICE S. PENN; FRANK
REID PENN and Wife, ROBERTA W. PENN; C. A. PENN, JR., and
Wife, ANN EDMUNDS PENN; and VIRGINIA ANN PENN WETT-
LAUSER and Husband, C. TAYLOR WETTLAUSER, v. THE CAROLINA
VIRGINIA COASTAL CORPORATION and THE CAROLINA VIRGINIA
COASTAL HIGHWAY.

(Filed 1 March, 1950.)

**1. Pleadings § 15—**

The facts alleged in the pleading will be taken as true upon demurrer.

**2. Eminent Domain § 3—**

The mere threat to take a right of way under the power of eminent
domain and an isolated act in going upon the land in making a prelimi-
nary survey, are insufficient to constitute a "taking." G.S. 40-3.

**3. Eminent Domain § 22—**

The owner of land may not maintain a proceeding for the assessment of
damages under G.S. 40-12 until there has been a taking of his property
under the power of eminent domain, and demurrer to the petition is prop-
erly sustained when its allegations amount to no more than that respond-
ent had threatened to take an easement and had made preliminary surveys
incidental thereto, since in such instance the petition fails to allege a
taking of the property. Chap. 1024, Session Laws of 1949.

APPEAL by petitioners from *Nimocks, J.,* at September Term, 1949, of
CURRITUCK.

Special proceeding to assess and recover "damages that will be sus-
tained by the petitioners for the taking" of that part of right of way for
toll road over lands of petitioners in Currituck County, North Carolina,
etc., "in accordance with the General Statutes of North Carolina, Chapter
40, Article 2," heard upon demurrer to the petition filed by defendants.

The petition contains these pertinent allegations:

That pursuant to the authority granted in an act of the General
Assembly of North Carolina entitled "An Act to Authorize the Organiza-
tion of Municipal Corporations for the Purpose of Constructing and
Operating Toll Roads," enacted at the 1949 Session (Senate Bill No.
356, now Chapter 1024 of 1949 Session Laws of North Carolina), the
North Carolina Municipal Board of Control has created, by order issued
as by law provided, a municipal corporation, The Carolina-Virginia
Coastal Highway, herein referred to as the Coastal Highway, one of the
defendants in this action.

"5. That the petitioners are the owners and possessors, as tenants in
common, of a certain tract of land known as 'Monkey Island,' comprising
several islands lying and being in Currituck Sound, and certain tracts
of land lying and being on the Outer Banks, of Currituck County, de-

17—231

scribed in a deed," as there specified; and "that included in the said property is a portion of the Outer Banks of Currituck County having a total length, along the said Outer Banks, of 10,500 feet, more or less.

"6. That the Coastal Highway, although a municipal corporation, is the *alter ego* of the Corporation, a private corporation, in that the principal power and purpose of the latter is the sole power and purpose of the former, *i.e.*, the construction and operation of a turnpike or toll road from a point on U. S. Highway #158 to the Virginia line, along the Outer Banks of Dare and Currituck Counties, said toll road to connect with a toll road to be built by a Virginia corporation from the Virginia line to Virginia Beach, Virginia; and in that the principal proponents, organizers, interested persons, or *entrepreneurs* of the one corporation are the same persons, or principally the same persons, who are the principal proponents, organizers, interested persons, or *entrepreneurs* of the other corporation.

"7. That the engineers of the corporations have surveyed the proposed right-of-way along the Outer Banks of the said counties, and have set their survey marks and stakes thereon.

"8. That your petitioners have endeavored to reach a satisfactory agreement with the Corporation and with the Coastal Highway for the granting and conveying of an easement for that portion of the surveyed right-of-way lying upon the lands of the petitioners.

"9. That, despite the efforts and entreaties of the petitioners, the defendant corporation refused to negotiate such agreement for the said right-of-way and your petitioners are absolutely unable to come to any understanding with said defendants as to the compensation to be paid for said easement and damages to the remainder of the lands of the petitioners.

"10. That the surveyed right-of-way, or some nearby right-of-way over the lands of the petitioners, is required for the construction of the said toll road; that the said defendants, or either of them, cannot carry out the purpose or principal purpose for which they were formed or chartered without taking such right-of-way across the lands of the petitioners, or acquiring an easement for such right-of-way.

"11. That your petitioners are informed and believe that the defendants are having and will have great difficulty in financing the construction and operation of the said toll road; that if the said right-of-way across the lands of petitioners is taken without the compensation for the taking being previously determined and paid into the court, pending any appeal made by either party, or paid to your petitioners if there is no appeal by either party, it is likely that such taking will result in depriving your petitioners of valuable property, or rights therein, contrary to

provisions of the Constitution of North Carolina and the Constitution of the United States of America.

"12. That the said defendants are threatening to take the said right-of-way, and the compensation due the petitioners from the defendants should be determined as by law provided."

The defendants demurred to the said petition upon the ground that it fails to state a cause of action against defendants for that, among other things, the right of the owner of land to maintain an action under the Eminent Domain Statute, Article 2 of Chapter 40 of General Statutes, particularly G.S. 40-12, is necessarily predicated upon an unauthorized trespass and an illegal taking of the owner's lands without the institution of such a condemnation proceeding on the part of the corporation, and the mere prophecy by petitioners that their lands will be taken is not sufficient legal basis for the maintenance of an action of this nature.

And the court, upon hearing had on the demurrer, being of opinion that it should be sustained, entered an order in accordance with such opinion. Petitioners appeal therefrom to the Supreme Court and assign error.

*Frank B. Aycock, Jr., and Frank P. Hobgood for petitioners, appellants.*

*Harry McMullan, Jr., for defendants, appellees.*

WINBORNE, J. Taking the facts alleged in the petition to be true, as is done in a civil action in this State, in considering the sufficiency of a pleading to withstand the challenge of demurrer, and applying applicable principles of law, the court properly held that the allegations of the petition are insufficient to state a cause of action.

The Act of the General Assembly of 1949, Chapter 1024 of 1949 Session Laws of North Carolina, authorizes the creation of and prescribes the machinery by petition for creating a municipal corporation for the purpose of acquiring rights of way for and owning and operating a toll road or highway in this State in the public interest. The Act also provides in Section 6 that such municipal corporation, when so created and organized in the manner prescribed, is "authorized and empowered to lay out, open up, own and construct and operate a toll road over the route designated in the petition." And the Act further provides in Section 7 that: "In the event the said municipal corporation is unable to agree with the owner of the land across whose land a toll road or highway is to be constructed as to the acquisition of the right of way across such land for the use and operation of the said toll road, the said municipal corporation shall have the right to acquire such easement and the

right of way by eminent domain upon compliance with the provisions of the Public Works Eminent Domain Law, set forth in Article 3 of Chapter 40, of the General Statutes . . . or such right of way may be condemned in accordance with the provisions of Article 2 of Chapter 40 of the General Statutes of North Carolina."

Thus it appears that the corporation is given the choice of remedies in the event it is unable to agree with the landowner.

And in the present action the petitioners, owners of the land, have undertaken to chart the course, on the theory that they, as owners of the land, may proceed under the provisions of Article 2 of Chapter 40 of the General Statutes of North Carolina. But it appears that petitioners have, in athletic parlance, "jumped the gun," that is, started this proceeding before their right to do so has accrued.

In this connection it is provided in Article 2 of Chapter 40 of the General Statutes, G.S. 40-11, that "if any corporation, enumerated in G.S. 40-2, possessing by law the right of eminent domain in this State is unable to agree for the purchase of any real estate required for the purposes of its incorporation, or for the purposes specified in this Chapter, it shall have the right to acquire title to the same in the manner and by the special proceedings herein prescribed." In the next Section, G.S. 40-12, it is declared that "for the purposes of acquiring such title the corporation, or the owner of the land sought to be condemned, may present a petition to the clerk of the Superior Court in which the real estate described in the petition is situated, praying for the appointment of commissioners of appraisal." Thus it is clear that the corporation may proceed to put into execution the machinery for acquiring title to the land it seeks to condemn. But the statute does not state when "the owner of land sought to be condemned" may proceed to have the land appraised, etc. However, the right to have such appraisal must necessarily be predicated upon a taking of the property by the corporation possessing the right of eminent domain. And "taking" under the power of eminent domain may be defined as "entering upon private property for more than a momentary period, and, under warrant or color of legal authority, devoting it to a public use, or otherwise informally appropriating or injuriously affecting it in such a way as substantially to oust the owner and deprive him of all beneficial enjoyment thereof." 18 Am. Jur. 756, Eminent Domain, Sec. 132.

Moreover, "what is a taking of property within the due process clause of the Federal and State constitutions," the text writers say, "is not always clear, but so far as general rules are permissible of declaration on the subject, it may be said that there is a taking when the act involves an actual interference with, or disturbance of property rights, resulting

in injuries which are not merely consequential or incidental." 18 Am. Jur. 757, Eminent Domain, Sec. 132.

Applying these principles to the allegations of the petition, challenged by demurrer, it is seen that petitioners do not allege a taking of their property by defendant Coastal Highway. The most that is alleged is that if the defendant Coastal Highway constructs a toll road or highway along the route for which it was created, the road will cross the land of petitioners, and that "defendants are threatening to take the said right of way." A threat to take, and preliminary surveys, G.S. 40-3, are insufficient to constitute a taking on which a cause of action for a taking would arise in favor of the owner of the land.

Affirmed.