DUKE POWER COMPANY v. FRED J. HERNDON AND WIFE, RUBY LEIGH HERNDON; NANNIE MAE HERNDON (SINGLE); AND CORNELIA B. HERNDON (WIDOW OF W. FRED HERNDON, DECEASED)

No. 7514SC216

(Filed 6 August 1975)

1. Rules of Civil Procedure § 19— preliminary injunction proceeding — holders of easements — not necessary parties

In a proceeding to enjoin defendants from refusing to allow plaintiff's agents to conduct a survey over their property to determine what portion, if any, of defendants' property would be needed for a right-of-way for power lines, the controversy between the parties could be fully adjudicated without the presence of additional parties who allegedly already had rights-of-way across defendants' property.

2. Injunctions § 1— restraint of entry to make land survey — preliminary injunction proper

In an action to enforce the statutory right of plaintiff under G.S. 40-3 to enter upon defendants' lands for the purpose of making a survey of the proposed route for a power line, defendants' contention that the preliminary injunction granted all relief plaintiff might obtain in a trial on the merits and thereby changed the status quo is untenable because: (1) since plaintiff had the statutory right to enter upon the property to make its preliminary survey, the status quo was a condition of action, not one of rest, and (2) the trial judge weighed the relative convenience and inconvenience and comparative

Power Co. v. Herndon

injuries to the parties and to the public which would arise from granting or refusing the preliminary injunction and found the equities to lie with plaintiff and the public.

3. **Eminent Domain § 2— entry to make survey — no taking of land**

Entry upon lands for the purpose of making a preliminary survey of the route proposed for purchase or condemnation does not amount to a taking of private property, and G.S. 40-3 providing for such entry is constitutional.

APPEAL by defendants from *Hall, Judge.* Order entered 18 December 1974 in Superior Court, DURHAM *County.* Heard in the Court of Appeals 14 May 1975.

Plaintiff, a public utility, instituted this action, alleging in substance that plaintiff believes it will be necessary to construct lines over the properties of defendants for the purpose of transmitting electricity between plaintiff's Parkwood substation and other substations operated by plaintiff; that in order to determine what portion, if any, of defendants' properties will be needed for a right-of-way for the lines, it is necessary for plaintiff's agents to go upon defendants' properties for the purpose of conducting a survey; and that plaintiff has requested of defendants, and defendants have denied, permission for plaintiff's agents to go upon defendants' properties to conduct a survey. Plaintiff prayed that defendants be enjoined from interfering with the exercise of plaintiff's rights and duties under G.S., Chap. 40.

Plaintiff served upon defendants on 27 November 1974 a notice of its motion for a preliminary injunction. The motion for preliminary injunction was heard by Judge Hall at the 9 December 1974 and the 16 December 1974 Sessions of Superior Court held in Durham County. The hearing was upon the complaint, plaintiff's affidavits, and argument of counsel. On 18 December 1974 Judge Hall entered a preliminary injunction which enjoined defendants from interfering with plaintiff's agents in going upon defendants' properties for the purpose of surveying and locating the right-of-way proposed by plaintiff.

Defendants appealed.

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson, by James L. Newsom, James T. Hedrick, and K. Byron McCoy, for the plaintiff.*

*Harriss, Ruis & Milligan, by Ronald H. Ruis, for the defendants.*

BROCK, Chief Judge.

[1]   Prior to the hearing in the trial court, defendants filed a motion to dismiss this action for failure of plaintiff to join necessary parties defendant and, in the alternative, to bring in the additional parties.

The parties which defendants contend are necessary parties are Public Service Company of North Carolina and Durham and South Carolina Railroad Company. Defendants allege that Public Service is the holder of a 50 foot right-of-way across defendants' properties for an underground gas pipeline. They allege that Durham and South Carolina Railroad is the holder of an easement across defendants' properties for a railroad right-of-way. Assuming defendants' allegations to be correct, we conclude that the controversy between plaintiff and defendants can be fully adjudicated without the presence of these additional parties. The denial of defendants' motion to dismiss and the denial of defendants' motion for additional parties are affirmed.

Defendants argue that the preliminary injunction denied them due process of law because it granted the ultimate relief prayed for in the complaint before a trial on the merits could determine the rights of the parties.

General Statute 40-3 provides that those corporations to which are granted the right of eminent domain under G.S. 40-2 "may at any time enter upon the lands through which they may desire to conduct the . . . works authorized under § 40-2 and lay out the same. . . ." The statute also provides for compensation for damage done to the lands by reason of the entry to lay out the route of the works. General Statute 40-11, et seq., provides the manner for determining damages for the taking of the fee or an easement, if such is later taken. For many years our courts have recognized such a statutory right of entry for the purpose of laying out the route to be condemned. *See State v. Wells,* 142 N.C. 590, 55 S.E. 210 (1906) ; *Penn v. Coastal Corp.,* 231 N.C. 481, 57 S.E. 2d 817 (1950).

The present action is not an action to condemn a right-of-way across defendants' lands. This is an action to enforce the statutory right of plaintiff under G.S. 40-3 to "enter upon" defendants' lands for the purpose of making a survey of the proposed route. Such a survey clearly is necessary before plaintiff can undertake intelligent negotiations with defendants for a purchase of the route, or, failing in negotiations with defend-

ants, before it can institute condemnation proceedings. General Statute 40-12 requires that a petition for condemnation "must contain a description of the real estate which the corporation seeks to acquire." "It is for the condemnor to determine what land it seeks to condemn *(Morganton v. Hutton & Bourbonnais Company,* 251 N.C. 531, 112 S.E. 2d 111) and to describe it in its petition by reference to uncontroverted monuments." *Light Company v. Creasman,* 262 N.C. 390, 397, 137 S.E. 2d 497 (1964). An entry under G.S. 40-3 for the purpose of laying out the proposed route for an easement does not constitute a taking. *Penn v. Coastal Corp., supra* at 485.

When an entry for the statutory purpose (G.S. 40-3) is resisted in such a way as to make probable a clash between the landowner and the proposing condemnor's representatives, and thereby defeat the investigation and survey assured by the statute, no other remedy is afforded except that of injunctive process. *Alabama Interstate Power Co. v. Mt. Vernon-Woodberry Cotton Duck Co.,* 186 Ala. 622, 65 So. 287 (1913), *aff'd,* 240 U.S. 30, 36 S.Ct. 234, 60 L.Ed. 507 (1916).

[2] Defendants contend that the order granting the preliminary injunction should not be allowed to stand because it grants all relief plaintiff might obtain in a trial on the merits, and thereby has changed the status quo. Although the principle argued by defendants is ordinarily a proper test in weighing the propriety of an interlocutory injunction, it is untenable under the facts presented in this case. In the first place, since plaintiff had the statutory right to enter upon the property to make its preliminary survey, the status quo is a condition of action, not one of rest. *Lewis v. Texas Power & Light Co.,* 276 S.W. 2d 950 (Tex. Ct. Civ. App. 1955) ; 42 Am. Jur. 2d *Injunctions* § 13 (1969). In the second place, the trial judge weighed the relative convenience and inconvenience and the comparative injuries to the parties and to the public which would arise from granting or refusing the preliminary injunction, and found the equities to lie with plaintiff and the public. There appears little doubt that plaintiff has the statutory right to acquire easement rights over defendants' lands, either by voluntary conveyance or by condemnation. Therefore, the injury suffered by the defendants from the survey will be small compared to the injury suffered by the plaintiff and the public if plaintiff is denied its statutory rights to proceed with its preliminary survey. Indeed, plaintiff has posted bond to indemnify defendants for all

physical damage to their property by reason of the preliminary survey.

Defendants are not left to the mercy of plaintiff by the provisions of G.S. 40-3 or by the provisions of the preliminary injunction. In the event of a showing of abuse of its rights by plaintiff or a showing that plaintiff is exceeding its rights, defendants have relief available through the injunctive process.

[3] Defendants argue that G.S. 40-3 is unconstitutional. The entry for the purpose of making a preliminary survey of the route proposed for purchase or condemnation does not amount to a taking of private property. *Penn v. Coastal Corp., supra.* "Statutes authorizing bodies having the power of eminent domain to enter onto land for purposes of conducting preliminary surveys and the like, containing no provision for compensation to the landowner for such use of the land, have been upheld as not violative of constitutional provisions against the taking of private property for public purposes without prior payment of just compensation." Annot., *Eminent Domain: Right to Enter Land for Preliminary Survey or Examination,* 29 A.L.R. 3d 1104, § 4[b] (1970). In our opinion G.S. 40-3 is constitutional on its face and as applied to defendants in this case.

Affirmed.

Judges CLARK and ARNOLD concur.