STEWART G. BARBOUR, JOSEPHINE H. BARBOUR, D. ST. PIERRE DuBOSE, VALINDA HILL DuBOSE, HERBERT J. FOX, FRANCES HILL FOX, AND ORANGE SPEEDWAY, INC. v. GEORGE W. LITTLE, BRUCE A. LENTZ, NORTH CAROLINA DEPARTMENT OF NATURAL AND ECONOMIC RESOURCES, AND NORTH CAROLINA DEPARTMENT OF AD-MINISTRATION

No. 7715SC435

(Filed 29 August 1978)

1. **Declaratory Judgment Act § 4.1— creation of Eno River State Park—constitutionality of statutes—plaintiffs not adversely affected—no controversy under Act**

While the validity of a statute, when directly and necessarily involved, may be determined in a properly constituted action under the Declaratory Judgment Act, G.S. 1-253 *et seq.*, this may be done only when some specific provision thereof is challenged by a person who is directly and adversely affected thereby; therefore, where plaintiffs challenged the constitutionality of Art. 2 of G.S. Chap. 113, entitled "Acquisition and Control of State Forests and Parks," and Art. 3 of G.S. Chap. 113A, entitled "Natural and Scenic Rivers

System," on the ground that a "master plan" for development of the Eno River State Park to be devised by defendants might take some of their land, there was no genuine controversy cognizable under the Declaratory Judgment Act, since no "master plan" had been adopted by defendants; a "master plan," when adopted, was not a binding, unchangeable plan for the acquisition of property by the State; and no condemnation proceedings affecting any lands of the plaintiffs had as yet been instituted under any statute, the constitutionality of which they sought to have determined in this action.

2. **Rules of Civil Procedure § 56— denial of motion to dismiss—subsequent summary judgment permitted**

    The denial of a motion to dismiss made under G.S. 1A-1, Rule 12(b)(6) does not prevent the court, whether in the person of the same or a different superior court judge, from thereafter allowing a subsequent motion for summary judgment made and supported as provided in G.S. 1A-1, Rule 56.

3. **Rules of Civil Procedure § 46— denial of motion to dismiss—question of validity preserved**

    The question of the validity of the trial court's ruling denying defendants' motion to dismiss was properly preserved and brought forward on appeal by defendants' cross assignment of error made pursuant to G.S. 1A-1, Rule 10(d), and plaintiff's contention that defendants could not rely on their cross assignment of error because they failed to except to the court's order in the trial court is without merit, since, under G.S. 1A-1, Rule 46(b), with respect to rulings and orders of the trial court not directed to the admissibility of evidence, no formal objections or exceptions are necessary, it being sufficient to preserve an exception that the party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor, and defendants did this when they filed their motion to dismiss under Rule 12(b)(6).

APPEAL by plaintiffs from *Smith (David), Judge.* Judgment entered 1 April 1977 in Superior Court, ORANGE County. Heard in the Court of Appeals 3 March 1978.

Plaintiffs, owners of lands along the Eno River in Orange County, brought this action under G.S. 1-253 et seq. seeking a declaratory judgment that Art. 2 of G.S. Chap. 113, entitled "Acquisition and Control of State Forests and Parks," and Art. 3 of G.S. Chap. 113A, entitled "Natural and Scenic Rivers System," are unconstitutional and praying that defendants be permanently enjoined from adopting a "Master Plan" for the Eno River State Park.

In their complaint filed 14 May 1976 plaintiffs in substance alleged: Defendants have announced their intention to adopt a

"Master Plan" for the proposed Eno River State Park and have prepared several different plans for the park, each of which encompasses land of some of the plaintiffs and at least one of which encompasses land of all of the plaintiffs. Defendants have stated that the Eno River State Park will be established or augmented pursuant to one of the plans already proposed and have further stated that, once adopted, the "Master Plan" will determine with certainty and permanence the lands which would constitute the proposed Park. Plaintiffs are unwilling to sell their lands for such purposes. Article 2 of G.S. Chap. 113 and Article 3 of G.S. Chap. 113A are overly broad and constitute an unconstitutional delegation of legislative power to defendants.

On 15 June 1976 defendants filed a motion under Rule 12(b)(6) to dismiss the action for failure to state a claim upon which relief can be granted under the Declaratory Judgment Act inasmuch as there is no genuine controversy in existence at this time. On 17 September 1976 Judge Thomas H. Lee denied defendants' motion to dismiss and on the same date granted plaintiffs a preliminary injunction restraining defendants from adopting a "Master Plan" for the Eno River State Park including therein the lands of any or all of the plaintiffs.

On 7 October 1976 defendants filed answer in which they denied that there has been a final determination that the Eno River State Park will be augmented pursuant to any previously proposed plan. While admitting they had announced their intention to adopt a "Master Plan" for the Eno River State Park, defendants alleged that adoption of such a plan merely reflects the Division of Parks' concept of the Eno River State Park's ultimate boundaries and denied that the plan would determine with "certainty and permanence" the land which would ultimately constitute the Park. Defendants further alleged that they have taken no action regarding acquisition of any of plaintiffs' properties; that plaintiffs' lands are not subject to any condemnation proceedings by defendants; that plaintiffs have not suffered and are not threatened with loss of property; and that the constitutional issues plaintiffs seek to raise should properly be determined if and when defendants institute proceedings against any of the plaintiffs for condemnation of property.

On 17 March 1977 defendants filed a motion for summary judgment on the ground that there is no genuine issue as to any

material fact, supporting their motion by the pleadings, deposi-
tions, answers to interrogatories, and the affidavit of Ronald D.
Johnson, Director of the Parks and Recreation Division of the
North Carolina Department of Natural and Economic Resources.
This affidavit, which was dated 17 March 1977, and the oral
deposition of Mr. Johnson taken 10 September 1976, show the
following: Since 1972 the development process for State parks has
included the formulation of a master plan for each park. Such a
plan serves as a guide to the Division of Parks and Recreation in
proposing an orderly sequence of development and use to protect
previous State investment in land to assure that natural resource
values, adjacant property values, and potential recreation values
are accommodated in an optimum manner. After the Division staff
prepares a proposed plan for a project, it is presented at public
hearings, and the plan is thereafter modified to incorporate sug-
gestions made by interested and affected groups and individuals.
There have been public hearings prior and subsequent to the for-
mulation of three proposed master plans for the Eno River State
Park. Due to the controversy engendered by public presentation
of these plans on 2 August 1975, Johnson, as Director of the
Parks and Recreation Division, directed that the three proposed
plans be discarded and that the Master Plan Unit develop a new
alternative which would accommodate to a better degree the con-
flicting wishes of landowners and potential users. Staff members
of the State Planning Unit of the Division of Parks and Recrea-
tion are currently engaged in planning work preparatory to the
development of a proposed master plan for the Eno River State
Park. The planners' current proposal has not been submitted to
public hearing due to restraints imposed on the Department by
the injunction issued in this suit. The adoption of a master plan is
merely a guide for the Division of Parks and Recreation in its
budgeting for land acquisition and development to fulfill its
statutory obligation to the people of North Carolina, and does not
"irretrievably designate . . . land for park use." Revision of the
plan is possible at any time in the planning process. Implementa-
tion of the plan involves checks and balances which allow for deci-
sions based on the best judgment of those involved at the time.
The Department of Administration and the Council of State must
approve all acquisitions proposed, the Advisory Budget Commis-
sion must likewise be satisfied of the need for the lands acquired,
and the General Assembly must provide the funds.

Thomas C. Ellis, Superintendent of State Parks, testified by oral deposition that in his opinion it would be practically impossible to remove a piece of land from an area encompassed by a master plan, noting that this was his feeling and may not be completely shared by others. He then testified that identification of a parcel of land in a master plan did not commit the State to purchase because of contingencies such as: deletion of that parcel by higher level decision within the Department of Natural and Economic Resources, lack of funds for purchase, changing circumstances over the period of years encompassed by a master plan, and other contingencies.

By answer to interrogatories, defendants admitted that prior to October 1975 three "Eno River State Park Master Plan Alternatives" were under consideration by the Parks and Recreation Division and that maps which depicted these proposed alternative plans disclosed that each of them included land belonging to some of the plaintiffs and that one of them included some land belonging to each of the plaintiffs.

Defendants' motion for summary judgment was heard by Judge David I. Smith who allowed the motion by judgment entered 1 April 1977. From this judgment, plaintiffs appeal.

*Lucius M. Cheshire for plaintiffs appellants.*

*Attorney General Edmisten by Special Deputy Attorney General William A. Raney, Jr., and Associate Attorney JoAnne Sanford Routh for the State.*

PARKER, Judge.

[1] By this action plaintiffs seek a declaratory judgment determining that certain of our General Statutes dealing with acquisition of lands for State parks are unconstitutional. While the validity of a statute, when directly and necessarily involved, may be determined in a properly constituted action under the Declaratory Judgment Act, G.S. 1-253 *et seq.*, "this may be done only when some specific provision(s) thereof is challenged by a person who is directly and adversely affected thereby." *Greensboro v. Wall,* 247 N.C. 516, 519-20, 101 S.E. 2d 413, 416 (1958). None of the plaintiffs in the present action has as yet been "directly and adversely affected" by any statute which they seek

to challenge in the present action, and plaintiffs have failed to show the existence of a genuine controversy cognizable under the Declaratory Judgment Act. A mere difference of opinion between the parties as to whether one has the right to purchase or condemn the property of the other — without any practical bearing on any contemplated action — does not constitute a genuine controversy. *Tryon v. Power Co.*, 222 N.C. 200, 22 S.E. 2d 450 (1942). The existence of such a genuine controversy is a jurisdictional necessity. *Lide v. Mears*, 231 N.C. 111, 56 S.E. 2d 404 (1949); *Tryon v. Power Co., supra.*

No condemnation proceeding affecting any lands of the plaintiffs has as yet been instituted under any statute the constitutionality of which they seek to have determined in this action. All that has occurred is that employees of the Division of Parks and Recreation in the North Carolina Department of Natural and Economic Resources have made initial alternative planning proposals for a State park which contemplate ultimate acquisition of certain lands of the plaintiffs for park purposes. However, no "Master Plan" for the park in question has as yet been "adopted" by the Division of Parks and Recreation, and even when adopted, such a "Master Plan" will serve merely as a guide to the Division itself in carrying out its statutory functions. The making of such a plan is a sensible, and even a necessary, preliminary step if our State parks are to be developed in an orderly rather than a haphazard fashion. However, the adoption of the plan by the Division of Parks and Recreation in no way assures that it will ultimately be carried out or that any of the lands contemplated by the plan to be included in a State park will ever be acquired for that purpose. The continuing review and revision of the plan by the Division itself to keep it consistent with changing concepts and conditions, the requirement for review and approval by higher governmental authority within the executive branch, and the final necessity for legislative approval in the form of appropriation of funds, all present contingencies in the path leading to ultimate acquisition of any particular tract of land for park purposes. Clearly the inclusion of a particular tract of land within a plan at any stage of its development, including after its "adoption" by the Division of Parks and Recreation, does not constitute a taking of that land. The mere planning, including the making of preliminary surveys, is not a taking or damaging of the

property affected. *Browning v. Highway Commission*, 263 N.C. 130, 139 S.E. 2d 227 (1964); *Penn v. Coastal Corp.*, 231 N.C. 481, 57 S.E. 2d 817 (1950).

[2, 3] There is no merit in plaintiffs' contention that, because Judge Lee denied defendants' motion made under Rule 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted on the grounds that there is no genuine controversy in existence, Judge Smith could not thereafter allow defendants' motion for summary judgment made on the same grounds. While one superior court judge may not overrule another, the two motions do not present the same question. *Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885 (1971). The test on a motion to dismiss under Rule 12(b)(6) is whether the pleading is legally sufficient. The test on a motion for summary judgment made under Rule 56 and supported by matters outside the pleadings is whether on the basis of the materials presented to the court there is any genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. Therefore, the denial of a motion to dismiss made under Rule 12(b)(6) does not prevent the court, whether in the person of the same or a different superior court judge, from thereafter allowing a subsequent motion for summary judgment made and supported as provided in Rule 56. Moreover, in this case the question of the validity of Judge Lee's ruling denying defendants' motion to dismiss has been properly preserved and brought forward on this appeal by defendants' cross assignment of error made pursuant to Rule 10(d) of the North Carolina Rules of Appellate Procedure. In this connection, plaintiffs' contention that defendants may not rely on their cross assignment of error because they failed to except to Judge Lee's order in the trial court is without merit. Under G.S. 1A-1, Rule 46(b), with respect to rulings and orders of the trial court not directed to admissibility of evidence, no formal objections or exceptions are necessary, it being sufficient to preserve an exception that the party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor. This the defendants did when they filed their motion to dismiss under Rule 12(b)(6). No further action by defendants in the trial court was required to preserve their exception. In the record on appeal

defendants properly set out their exception to Judge Lee's order, as they were expressly permitted to do by Rule 10(d) of the Rules of Appellate Procedure. We find that the question of the validity of Judge Lee's order denying defendants motion to dismiss under Rule 12(b)(6) has been properly preserved by defendants' cross assignment of error and is before us on this appeal. We also find that Judge Lee committed error in denying defendants' motion to dismiss, since plaintiffs' complaint itself discloses that no genuine controversy exists such as to make this case cognizable under the Declaratory Judgment Act.

The judgment of Judge Smith allowing defendants' motion for summary judgment and dismissing this action is

Affirmed.

Judges MARTIN and ARNOLD concur.